## JAMES B. HOBBS

### v.

## DANIEL FERGUSON'S ESTATE.

*Filed at Ottawa September 26, 1881.*

PRACTICE—*to show ruling of law on trial by court.* On a trial by the court without a jury, in order to present a question of law to this court as having been passed upon by the court below, the party should submit to the trial court written propositions of law, to be "held" or "refused," or set out in the bill of exceptions the ultimate facts found by that court from the evidence.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Grundy county.

Messrs. HOYNE, HORTON & HOYNE, and Messrs. HILL & DIBELL, for the appellant.

Messrs. GARNSEY & KNOX, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

Hobbs filed a claim in the county court against the estate of Ferguson. The claim was disallowed by that court. Hobbs appealed to the circuit court. In that court the cause was tried by the court, a jury being waived, and the finding and judgment were against the claimant, to which he excepted and filed a bill of exceptions, setting out all of the evidence. No rulings of that court in the progress of the trial are complained of as erroneous. The claimant appealed to the Appellate Court, and by that court the judgment of the circuit court was affirmed, and from that judgment Hobbs appeals to this court.

The proofs tend to show that Hobbs acted as the agent and commission merchant in behalf of Ferguson, in buying and selling grain for him in the Chicago market, in which

losses occurred to Ferguson, which were paid by Hobbs, and the claim is for moneys so advanced and paid out. Appellant's counsel, assuming that the Appellate Court affirmed this judgment upon the ground that the transactions were unlawful, seek to present that question here for determination. The record fails to show that the result was governed or affected by the legal question presented. The bill of exceptions taken in the circuit court fails to show that that question was raised in the circuit court.

Our statute (sec. 42, chap. 110, Rev. Stat. 1874,) provides that in trials of this kind by the circuit court, without a jury, either party may, upon the trial, "submit to the court written propositions, to be held as law in the decision of the case," which the court is by law required to pass upon, and mark "held" or "refused," or to modify, as shall be the views of the court upon the questions presented; and either party may except to such rulings.

Where a party at such a trial supposes a question of law is involved in the finding, he may thus separate the same from the questions of fact, as he might do by asking instructions if the issue were submitted to a jury, and save the supposed question of law for consideration in the Appellate or Supreme Court. Had this bill of exceptions in the circuit court set out the ultimate facts found by that court, instead of the evidence, and had those findings been the same as appellant's counsel here present as the actual facts, and had the bill of exceptions shown that upon the ultimate facts so found by the circuit court that court ruled the law against the claimant, in such case counsel could present that question of law to this court.

This case stands now upon this record in the same condition, in so far as affects this question, as if the trial had been by jury in the circuit court and the verdict had been for the defendant, and no instructions whatever had been asked or given in the case. In such case it must be assumed that

the jury made no mistake of law, and if the verdict be wrong, it was a mistake of fact. The judgment of the Appellate Court settles the question of fact, and this we can not review.

*Judgment affirmed.*