JAMES L. ALLMAN *et al.*

*v.*

JOHN LUMSDEN *et al.*

*Filed at Springfield January 17, 1896.*

1. TRIAL—*construction of statute as to submission of propositions of law.* The written propositions of law provided to be submitted in trials by the court, to be marked "held" or "refused," (Rev. Stat. 1874, p. 780, sec. 42,) must be 'submitted *upon the trial,* so they may be considered by the court in the decision of the case.

2. SAME—*leave of court to submit propositions of law after final decision, not valid.* The provision of the statute that written propositions of law may be submitted "within such time as the court may require," does not authorize an order of court giving leave to submit them after the court has rendered final decision.

3. APPEALS AND ERRORS—*when erroneous rulings on proposition of law will not reverse.* Erroneous rulings of the court upon propositions of law, made after final judgment has been entered, will not reverse the judgment, although such propositions were presented within a time fixed by order of court at the time judgment was entered.

*Allman* v. *Lumsden,* 55 Ill. App. 21, affirmed.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Champaign county; the Hon. FERDINAND BOOKWALTER, Judge, presiding.

J. L. RAY, and S. R. REED, for plaintiffs in error.

WILLIAM B. WEBBER, and JOHN J. REA, for defendants in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a proceeding commenced by the petition of the commissioners of the Kankakee drainage district, in the county court of Champaign county, to annex certain lands to said district under section 58 of the act to revise and amend the Drainage law of May 29, 1879, approved June 30, 1885, and known as the "Levee act." (Rev. Stat. 1891, p. 571.) It was alleged in the petition that the owners of the lands in question had made connection with the main ditch or drain of said Kankakee drainage district, and should be deemed to have made voluntary application to be included in said district. Upon trial had in the county court, judgment was rendered in favor of the district, by which it was ordered that the lands described in the petition (excepting a certain forty-acre tract mentioned) be annexed to and made a part of the Kankakee district, to be assessed as other lands therein, and that the clerk record the plat referred to as part of the record of the court. Respondents appealed from this judgment to the circuit court, where, on motion of the commissioners, the appeal was dismissed. By further appeal the record was taken to the Appellate Court for the Third District, where the order of dismissal of the circuit court was reversed and the cause remanded. (48 Ill. App. 17.) The cause was reinstated on the docket of the circuit court for trial, and was heard by the court, the parties, by agreement, having waived a trial by jury. The issues were found for the petitioners, and the judgment of the county court in annexing the lands was affirmed, and the cause was remanded to the county court for further proceedings. An appeal to the Appellate Court for the Third District resulted in a judgment of affirmance. The pres-

ent writ of error brings that judgment before this court for review.

All questions of fact have been finally settled against plaintiffs in error by the judgment of the Appellate Court. Counsel insist, however, that the circuit court erred in its rulings as to the law, in refusing to hold as law in the decision of the case certain written propositions submitted by them to that court to be so held.

After the cause was decided, and in the order allowing the appeal and fixing the time within which the appeal bond and bill of exceptions should be filed, forty days from the adjournment of court was allowed within which to submit written propositions of law. These propositions were submitted by plaintiffs at a later day during the term, and within forty days from the date of the entry of the order, but were afterward passed upon by the court in vacation. The 42d section of the Practice act provides, that "in all cases, in any court of record of this State, if both parties shall agree, both matters of law and fact may be tried by the court; and upon such trial either party may, within such time as the court may require, submit to the court written propositions to be held as law in the decision of the case, upon which the court shall write 'refused' or 'held,' as he shall be of opinion is the law, or modify the same, to which either party may except as to other opinions of the court." And it has frequently been held by this court that where no question arises on the admission or exclusion of evidence, or incidentally otherwise during the progress of the proceedings, and no written propositions to be held as law by the court in the decision of the case were presented to or passed upon by the trial court before or at the time of rendering judgment, as provided for by said section in cases of trials before the court without a jury, no question of law is presented by the record for our determination. *Crean* v. *Hourigan,* 158 Ill. 301; *Hall* v. *Cox,* 144 id. 532; *Myers* v. *Union Nat. Bank,* 128 id. 478; *Fox* v. *Steever,*

156 id. 622; *Miller* v. *People ex rel.* id. 113; *Hawes* v. *Sternheim,* id. 341; *Northwestern Mutual Aid Ass.* v. *Hall,* 118 id. 169; *First Nat. Bank* v. *Haskell,* 124 id. 587; *Dwelling House Ins. Co.* v. *Butterly,* 133 id. 534.

It is true, it does not appear that the precise question here presented was raised in the cases cited, but we think it clearly appears from the statute that such written propositions which either party may wish to submit to the court to be held as law must be submitted upon the trial, so that they may be considered by the court in the decision of the case. As provided by the statute, this may be done within such time as the court may require, but it should be before the final decision, otherwise they can serve no useful purpose. Undoubtedly the court may grant to the parties time, after the evidence is heard and before the decision is rendered, as is often done in practice, in which to prepare and submit such written propositions. A very useful purpose to be served by the submission of such written propositions is to aid the trial court in the decision of the case. If they can be submitted at any time after such final decision they would not only cease to serve any useful purpose, but would become a hindrance, rather than an aid, to the speedy administration of justice. If such a practice should be allowed, no one but the defeated party would ever submit any such written propositions to the court, and such party would prepare and submit them, not for the purpose of aiding the court in coming to a correct conclusion, but, in the light of the decision already rendered, would do so in order to provide himself with a lever to overturn the judgment on appeal. No one would suppose that error could be predicated on the ruling of the court in giving, or in refusing to give, to the jury instructions submitted after verdict. Yet there is no substantial difference in the effect on the judgment between the rulings of the court in holding or refusing to hold written propositions as law in the decision of the case, and the rulings of the

court in giving or refusing to give instructions to the jury. *Hobbs* v. *Ferguson's Estate*, 100 Ill. 232; *National Bank* v. *Le-Moyne*, 127 id. 253.

The statute provides that exceptions may be taken to the ruling of the court in holding or refusing to hold written propositions as law in the decision of the case, but where the record shows, as in the case at bar, that such propositions were submitted and rulings thereon made after the final judgment, it would seem clear that they could not have influenced the court in the decision of the case, and therefore that such rulings, even if erroneous, ought not to serve to reverse the judgment. They must be regarded as wholly ineffectual for any purpose. It follows that, aside from the point raised and determined by what has already been said, no question of law is presented for our decision.

Following the cases already cited, and others announcing the rule uniformly adhered to in like cases, the judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*