THE MICHIGAN MUTUAL LIFE INSURANCE COMPANY

*v.*

OWEN D. HALL, Admr.

*Filed at Springfield March 30, 1896.*

APPEALS AND ERRORS—*when no question of law is presented, judgment will be affirmed.* Where all the facts in a case are finally settled by the judgment of the Appellate Court, and no question of law is preserved by objections to rulings upon testimony or upon propositions of law submitted, the judgment will be affirmed.

*Michigan Mutual Life Ins. Co.* v. *Hall,* 60 Ill. App. 159, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. JACOB FOUKE, Judge, presiding.

JAMES MCCARTNEY, for appellant.

CONKLING & GROUT, for appellee.

Per CURIAM: This was an action of assumpsit, brought by appellee on a policy of insurance issued by appellant on the life of Harry L. Hall. The parties stipulated that any evidence might be given under the general issue that would be proper under any special plea, and that the

cause should be tried by the court without a jury. The defense was that the policy never became binding upon the company, for the reason that the premium was not paid as required by the conditions of the application and policy. It seems the insured gave his note for the premium, which, at the time of his death, had not been accepted by the company at its home office, as the application and policy required. The trial court found the issues for the plaintiff and the Appellate Court affirmed the judgment. The company prosecutes this appeal.

The judgment of the Appellate Court is final as to all questions of fact. No question of any alleged erroneous ruling in the admission or rejection of evidence is raised. The questions discussed and in controversy are, whether or not the evidence was sufficient to justify the conclusion that the company was bound by the acts of its agents in the acceptance of a note for the premium, or was estopped by its own conduct from insisting upon a strict compliance with the provisions of the policy. It is not claimed that the declaration fails to state a cause of action. As we are precluded from reviewing the judgments below upon questions of fact, and as no propositions to be held as law in the decision of the case were submitted to the trial court, we must hold, as we have held in many previous cases, that nothing is presented for our decision. *Hobbs* v. *Ferguson's Estate,* 100 Ill. 232; *Fitch* v. *Johnson,* 104 id. 111; *Bridge Co.* v. *Highway Comrs.* 101 id. 518; *Edgerton* v. *Weaver,* 105 id. 43; *Farwell* v. *Shove,* id. 61; *Hardy* v. *Rapp,* 112 id. 359; *Barber* v. *Hawley,* 116 id. 91; *Northwestern Benefit Mutual Aid Ass.* v. *Hall,* 118 id. 169 ; *McIntyre* v. *Sholty,* 121 id. 660; *Montgomery* v. *Black,* 124 id. 57; *Belleville Savings Bank* v. *Bornman,* id. 200; *Exchange Nat. Bank* v. *Chicago Nat. Bank,* 131 id. 547; *County of LaSalle* v. *Milligan,* 143 id. 321; *Hawes* v. *Sternheim,* 156 id. 341; *Allman* v. *Lumsden,* 159 id. 219.

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*