GEORGE F. BLISS *et al.* Exrs.

*v.*

FANNIE SEAMAN *et al.*

*Filed at Ottawa November 9, 1896—Rehearing denied March 9, 1897.*

1. APPEALS AND ERRORS—*Supreme Court may review both facts and law in chancery cases.* The rule that when no propositions of law are submitted, or instructions given, or exceptions taken to rulings upon the admission or exclusion of testimony, at trial, the judgment of the Appellate Court is conclusive on appeal, does not apply to chancery suits. (*Hobbs* v. *Ferguson's Estate*, 100 Ill. 232, and *Belleville Savings Bank* v. *Bornman*, 124 id. 200, distinguished and explained.)

2. SAME—*Supreme Court will review facts on appeal from the county court, in the nature of a chancery proceeding.* A claim filed by residuary legatees in the county court challenging the correctness of the annual reports filed by a deceased executor is in substance a chancery proceeding, wherein the Supreme Court will review the facts on appeal from the Appellate Court.

3. EXECUTORS AND ADMINISTRATORS—*annual reports of, are only prima facie correct and may be collaterally impeached.* Orders approving the partial or annual reports of executors and administrators filed in the county court are judgments *de bene esse,* and only *prima facie* correct, and, though not excepted to or appealed from, are open to subsequent correction or challenge.

4. SAME—*administrator de bonis non not liable for conversions by former executor.* An administrator *de bonis non* derives his title from the deceased person upon whose estate he administers, and not from the former executor, and he cannot be held to account to the residuary legatees for waste or wrongful conversion of the estate by the former executor.

5. SAME—*residuary legatees may sue personal representatives of deceased executor for his wrongful conversions.* The residuary legatees are the parties in interest who have the right to sue the legal representatives of a deceased executor or administrator for his waste or misappropriation of the assets of the estate.

6. ESTOPPEL—*limits of doctrine that accepting benefits of decree acknowledges its validity.* The doctrine that when a party accepts the benefits of a decree he is estopped to question its validity is only applied when the act done is such that to afterwards question the decree would perpetrate fraud.

7. SAME—*acceptance of distributive shares does not estop the legatees to challenge executor's report.* The acceptance by residuary legatees of amounts admitted to be due by the executor and ordered by the court to be paid them as their distributive shares, will not estop them, before final settlement, from challenging the correctness of the executor's report on which the distribution is based.

*Bliss* v. *Seaman,* 59 Ill. App. 236, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. DORRANCE DIBELL, Judge, presiding.

FOWLER BROS., for appellants:

The judgments of courts of general jurisdiction are always held conclusive in collateral proceedings until the same are reversed upon direct proceedings had for that purpose. *McCoy* v. *Morrow,* 18 Ill. 594; *Cady* v. *Hough,* 20 id. 45; *Prescott* v. *Fisher,* 22 id. 393; *Iverson* v. *Loberg,* 26 id. 182; *Bryant* v. *Ballance,* 66 id. 188.

Each item in an administrator's account rendered is a separate claim, depending upon its own merits, and as to each item the judgments are separate. *Morgan* v. *Morgan,* 83 Ill. 96; *Rowson* v. *Corbett,* 43 Ill. App. 139.

From the finding of the court upon any item an appeal will lie. *Carls* v. *Brooks,* 71 Ill. 125; 83 id. 196; *Millard* v. *Harris,* 119 id. 185; *Kingsbury* v. *Powers,* 131 id. 191.

If a judgment is wrong, it can only be reached by appeal, or by some direct proceeding provided by law to set it aside. *Lynch* v. *Baxter,* 57 Am. Dec. 735; *Wright* v. *Wallbaum,* 39 Ill. 554; *Johnson* v. *Beazley,* 27 Am. Rep. 276.

This court must presume that the probate court heard evidence touching each of the items in controversy, and that the evidence warranted the conclusions arrived at by the court. *People* v. *McGowen,* 77 Ill. 646; *Railroad Co.* v. *Chamberlain,* 84 id. 342; *Hobson* v. *Ewan,* 62 id. 146; *Bowen* v. *Bond,* 80 id. 351; *Kingsbury* v. *Powers,* 131 id. 190; *Goudy* v. *Hall,* 36 id. 313.

When a judgment of a court is offered in evidence collaterally in another suit, its validity cannot be questioned for errors that do not affect the jurisdiction of the court which rendered it. *Cooper* v. *Reynolds,* 10 Wall. 308; *Johnson* v. *Wells,* 50 Ill. App. 71; Herman on Estoppel, p. 438, secs. 375, 372; *Stempel* v. *Thomas,* 89 Ill. 146; *Spring* v. *Kane,* 86 id. 580.

This principle applies equally to the judgments of probate courts. *Lynch* v. *Baxter,* 51 Am. Dec. 735; *Tucker* v. *Harris,* 58 id. 488; *Merrill* v. *Harris,* 57 id. 359; *Doolittle* v. *Holton,* 67 id. 745.

Brewer & Strawn, for appellees:

No written propositions of law having been submitted and no instructions whatever asked or given on the trial, the judgment of the Appellate Court settles the questions of fact, and hence nothing is left for review by this court. *Hobbs* v. *Ferguson's Estate,* 100 Ill. 232; *Tibballs* v. *Libby,* 97 id. 552; *Steinman* v. *Steinman,* 105 id. 349; *McDonald* v. *Allen,*

128 id. 521; *Mutual Aid Ass.* v. *Hall*, 118 id. 169; *Merrimac Paper Co.* v. *Bank*, 129 id. 296; *Bank* v. *Bornman*, 124 id. 200; *Montgomery* v. *Black*, id. 57.

A partial or annual account is only a judgment *de bene esse*, often rendered *ex parte*, and only *prima facie* correct. 7 Am. & Eng. Ency. of Law, 442-444; *Bond* v. *Lockwood*, 33 Ill. 212; *Long* v. *Thompson*, 60 id. 27.

The approval of a report is *prima facie* evidence of its correctness. But this presumption may be rebutted either by evidence or by the account itself. *Bond* v. *Lockwood*, 33 Ill. 212.

Mr. JUSTICE BAKER delivered the opinion of the court:

Russell Bliss died testate in 1883. His will was probated in the probate court of LaSalle county, and his son Benjamin F. Bliss qualified as executor. Said executor filed an inventory of the estate and an appraisement bill, which were approved by the court. He afterwards filed three reports and a supplemental report, all of which were approved. In his second report he reported $514.53 in his hands for distribution among the residuary legatees, and in his third report he reported a balance of $590.35 on hand, and asked for an order of distribution as to $440.35 of this amount among the residuary legatees, and that he be allowed to retain $150 to cover further costs and expenses of administration. The court made orders of distribution as asked for in each of these reports. The supplemental report showed distribution of the $440.35 as ordered, and it was approved on April 7, 1888. The executor, Benjamin F. Bliss, never made any final settlement of his father's estate, nor was he discharged by the court from his office of executor. He departed this life on or about December 14, 1890, and his sons, George F. Bliss and Russell D. Bliss, the now appellants, became executors of his estate, and George F. Bliss was appointed administrator *de bonis non* with will annexed of the estate of his grandfather, Russell Bliss,

deceàsed, and as such administrator *de bonis non* he has accounted for the $150 which was ordered to be retained by the original executor of said Russell Bliss, deceased.

The present litigation is based on a claim for $1500.12 filed in the probate court of LaSalle county by Fannie Seaman, Anna Moore, Daisy Moore, Ida Hunter and Duane Signor, as the residuary legatees under the will of Russell Bliss, deceased, against the estate of Benjamin F. Bliss, deceased. The probate court allowed the claim, and the cause was appealed to the circuit court, where it was tried before the court, the Hon. Dorrance Dibell presiding, without the intervention of a jury. That court allowed the claim, but to the extent of $1244.90 only, and rendered judgment for that amount. The executors of Benjamin F. Bliss, deceased, prosecuted an appeal to the Appellate Court for the Second District, and errors and cross-errors were assigned. The Appellate Court affirmed the judgment. The executors took this further appeal, and here both the errors and cross-errors are relied on.

Appellees insist that since the case was tried before the court without a jury, and no propositions of law submitted or exceptions taken to rulings upon the admission or exclusion of testimony, therefore no questions of law arise upon the record, and the judgment of the Appellate Court is conclusive upon all questions of fact. The cases relied on to sustain this contention are *Hobbs* v. *Ferguson's Estate,* 100 Ill. 232, and *Belleville Savings Bank* v. *Bornman,* 124 id. 200. Both of these cases were claims filed in the probate court against estates of deceased persons, and, like the case at bar, appealed to and tried in the circuit court before the judge without a jury, and from there appealed to the Appellate Court and thence to this court. It was held in each case that the judgment of the Appellate Court settled the questions of fact, and in order to present questions of law to this court as having been involved in the finding of the trial court, written propositions of law should have been submitted to that

court to be held or refused. But there is a marked difference between those cases and the one now before us. In both cases the claims were based on purely legal demands, and contained no elements of equitable jurisdiction. In the *Hobbs case* the claim was for moneys advanced, paid, laid out and expended for the use of the deceased, and in the *Bornman case* the claim was based upon the supposed liability of a guarantor of negotiable paper. In *Dixon* v. *Buell*, 21 Ill. 203, this court held that in the allowance of claims against the estates of deceased persons the probate court has equitable jurisdiction and may adopt the forms of proceedings in equity. It possesses a similar jurisdiction and may adopt the same mode of procedure that is pursued in the adjustment of the accounts of guardians; and executors, administrators and guardians are alike trustees and responsible as such, and the rules and principles of equity must, to a certain extent, prevail in the adjudication of their accounts. (*In re Steele*, 65 Ill. 322.) In the settlement of estates of deceased persons or adjustment of the accounts of executors, administrators and guardians, the county court may exercise equitable as well as legal powers and adopt equitable forms of procedure. *Brandon* v. *Brown*, 106 Ill. 519; *Millard* v. *Harris*, 119 id. 185; *Cheney* v. *Roodhouse*, 135 id. 257.

If we assume that appellees, for the purpose of establishing the claim which they filed against the estate of Benjamin F. Bliss, deceased, had the right to surcharge the accounts of said Bliss as executor of Russell Bliss, deceased, then, in the matter of said claim, the probate court had jurisdiction and powers similar to those of a court of chancery and properly adopted a procedure similar to that of such court, and the proceeding was in substance a chancery proceeding, and the whole record is now before us for review both upon questions of fact and of law. *Cheney* v. *Roodhouse, supra; Kingsbury* v. *Powers*, 131 Ill. 182.

At the trial the appellees, for the purpose of establishing the items of their claim against the estate of Benjamin F. Bliss, deceased, introduced in evidence the inventory and the several reports and accounts of said Benjamin F. Bliss, as executor of the estate of Russell Bliss, which had been approved by the probate court, and then introduced testimony for the purpose of contradicting and surcharging said reports and accounts. This is the principal ground relied on by appellants for the purpose of reversing the judgments of the courts below. The contention is, that the adjudications of the probate court, and orders made by it approving the different reports and partial settlements, were final and conclusive judgments and not subject to collateral attack, and that therefore said reports and accounts cannot be impeached in this proceeding.

The statute (sec. 112, chap. 3,) makes provision that all executors and administrators shall, every year, exhibit accounts of their administration, but that no final settlement shall be made and approved by the court unless the heirs of the decedent have been notified thereof. A partial or annual account of an executor or administrator is usually an *ex parte* proceeding, and is only a judgment *de bene esse* and only *prima facie* correct, and, although not excepted to or appealed from, is open to subsequent correction or challenge. (7 Am. & Eng. Ency. of Law, 442, and authorities cited in notes; *Bond* v. *Lockwood,* 33 Ill. 212; *Long* v. *Thompson,* 60 id. 27; *Bennett* v. *Hanifin,* 87 id. 31.) As we have seen, Benjamin F. Bliss, the executor of the estate of Russell Bliss, died without having made a final settlement of that estate and without having been discharged as such executor. The only property in his hands not administered upon was the $150 in money, and this sum, as we have also seen, the administrator *de bonis non* has accounted for. Said administrator *de bonis non* cannot be held to account to the residuary legatees under the will of Russell Bliss for the

money and property that the deceased executor administered upon and wrongfully converted to his own use, nor has such administrator *de bonis non* authority to call on the personal representatives of the deceased executor for an account of the assets of the estate of Russell Bliss other than those unadministered. An administrator *de bonis non* derives his title from the deceased person whose estate he administers upon, and not from the former executor or administrator; and it is the residuary legatees under the will of Russell Bliss who are the parties in interest, and they are the persons who have the right to prosecute the personal representatives of the deceased executor for any waste or misapplication of assets. *Rowan* v. *Kirkpatrick*, 14 Ill. 1; *Marsh* v. *People*, 15 id. 284; *Duffin* v. *Abbott*, 48 id. 17; *United States* v. *Walker*, 109 U. S. 258.

The residuary legatees may adopt any appropriate remedy they deem proper for the purpose of recovering the value of the money and property that the deceased executor unlawfully appropriated to his own use. They may either bring an action at law against the securities on the bond of such executor, or may file a bill in chancery, or may present a claim in the probate court against the estate and personal representatives of such executor. (*Tracey* v. *Hadden*, 78 Ill. 30.) And as the probate court, in passing upon the validity of such claim, may exercise either a legal or equitable jurisdiction, and, so far as necessary, adopt the forms and procedure of equity courts, it affords a sufficient, appropriate and speedy remedy. Our conclusion is, that appellees were authorized to appear in that court and file their claim and pursue the course that they did, and that there was no error in allowing them so to do.

It appears that at the time of the second report, and on November 23, 1885, an order was entered by the probate court, in and by which the court found that of the sum of money reported by the executor as then on hand, certain designated amounts were due to each of the re-

siduary legatees, respectively, and ordered the executor to pay to each of them, respectively, his or her distributive share, and that in each of the receipts thereafter given by the several legatees it was recited that the sum specified as paid was "in full of my distributive share, under the will of Russell Bliss, deceased, at distribution made by order of the probate court of LaSalle county, Ill., entered in said estate at the November term, A. D. 1885." And it also appears that a similar order of distribution was made on December 17, 1887, in respect to the $440.35 mentioned in the report of that date, and that in the receipts given by the respective legatees the sum received was stated as "being my distributive share against said estate ordered to be paid by the probate court of LaSalle county, Ill., December 17, 1887." It is insisted that the receipt of these several sums of money and the recitals in the receipts given therefor estop the residuary legatees from contradicting or surcharging the accounts rendered by the executor and upon which the orders of distribution were based. The doctrine that where a party accepts the benefit of a decree it works as an estoppel and prevents him from afterwards questioning the validity of such decree, has no proper application to the matter now in hand. An estoppel arises only when the act done is such as that to afterwards question the decree would be to perpetrate a fraud. Here the appellees only received that which, without any decree, was already their own under the will of their ancestor, and all that they admitted by the recitals in the receipts they signed was, that they had received in full the several sums of money that the court had at certain designated times ordered to be paid to them. It was no fraud upon the rights of any one that after receiving the amounts that the executor admitted to be due them and that the court ordered to be paid to them, they should claim that they had not received all that was due them from such executor.

The judgment and decree that were rendered by the circuit court were amply sustained by the evidence. The assignments of error and of cross-error in that regard are not well made.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE CARTWRIGHT took no part.