## Michael Kinney, Ex'r, v. Hardin G. Keplinger.

1. WILLS—*A Will Construed.*—The provisions of a will in regard to the appointment of executors were as follows : " I hereby appoint my wife, Sarah Clark, executrix of my last will and testament; and in case of her death or inability to act, I hereby appoint Michael Kinney executor of my last will and testament; and said executor may dispose of my real and personal property to the best advantage, as he sees fit, and make distribution according to the provisions of the will and testament after the death of my wife, Sarah Clark, as soon as possible." *Held,* that the testator was choosing the person to whom letters should issue in the first instance, and seeking only to provide against the contingency of his wife being unable to assume the duties of executrix, and that he was not naming a successor.

2. ADMINISTRATION OF ESTATES—*A Person Appointed as Executor, Held to be an Administrator De Bonis Non with the Will Annexed.*— The appointment of appellant in this case as executor being unauthorized, the court holds that he is at most only an administrator *de bonis non* with the will annexed, and that he is clothed with no greater powers than such an administrator would be.

3. SAME—*Powers of an Administrator De Bonis Non.*—An administrator *de bonis non* can not call upon the personal representatives of the first administrator for an account of assets already administered on.

4. SAME—*What Amounts to Administering on Property.*—Where an executrix collects choses in action belonging to her testator, reloans the money thus received, and takes notes in her own name, her action amounts to an administration on the property, and her personal representative can not be required to account to an administrator *de bonis non* with the will annexed of her testator.

5. SAME—*Collection of Moneys Due from the Estate of an Executor After His Death.*—Where an executor dies, with money in his possession belonging to the estate of his testator, the heirs and legatees can file their claims against the estate of the executor, sue on his bond in a court of law, or file a bill in chancery.

**Petition,** in probate. Appeal from the Circuit Court' of Morgan County; the Hon. CYRUS EPLER, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed September 13, 1897.

OWEN P. THOMPSON and MORRISON & WORTHINGTON, attorneys for appellant.

EDWARD P. KIRBY, attorney for appellee.

MR. JUSTICE GLENN DELIVERED THE OPINION OF THE COURT.

Michael Kinney, as executor of the last will of William C. Clark, deceased, filed his petition in the County Court of Morgan County to obtain an order requiring appellee as administrator of the estate of Sarah Clark, deceased, to turn over to appellant as such executor certain notes, etc., described in such petition as belonging to the estate of William C. Clark, deceased.

William C. Clark, having made and published his last will on the 24th day of June, 1882, died on the 13th day of July, 1882. Sarah Clark, his widow, who was nominated by him as executrix of his will, after the will was probated on the 22d day of July, 1882, was appointed and qualified as such executrix, and entered upon the discharge of her trust.

The only provisions of the will involved in this controversy are the following:

" That after the payment of all my just debts and funeral expenses, I give and bequeath to my beloved wife, Sarah Clark, all of my real estate, personal property, monies, chattels and effects of any and every nature whatsoever, to her sole use and benefit her lifetime; that after the death of my beloved wife, Sarah Clark, that whatever remains of my property I will that it be divided as hereafter mentioned."

Then follow a number of specific bequests to relatives of the testator and his wife, ranging from $1,000 each down to $100, following which specific bequests the will proceeds: " I will that the residue of my estate, if there be any left, that it be divided according to the statute of the State of Illinois, amongst all my heirs except those above named that I have excluded."

I hereby appoint my wife, Sarah Clark, executrix of my last will and testament, and that she shall not be required to give bond, and in case of her death or inability to act I hereby appoint Michael Kinney executor of my last will and testament, and if he is unable to act, that he may appoint some suitable person in his place, and said executor may dispose of my real and personal property to the best advantage as he sees fit, and make distribution according to the provis-

ions of the will and testament after the death of my wife, Sarah Clark, as soon as possible."

Sarah Clark continued to administer said estate as such executrix until the 13th day of April, 1896, when she died. Hardin G. Kidlinger, on the 23d day of May, 1896, was appointed and duly qualified as administrator of her estate.

The estate left by William C. Clark consisted of about three hundred acres of real estate, and about twenty-four thousand dollars of personal estate, chiefly choses in action after the payment of the debts and liabilities.

Hardin G. Keplinger, as administrator of the estate of Sarah Clark, deceased, filed an inventory of the personal property belonging to the estate of Sarah Clark at the time of her death, which consisted of some thirty-three promissory notes aggregating the sum of $28,427.93 including the interest. These notes were all payable to Sarah Clark save one small note, which was made payable to " Sarah Clark, executrix."

During the last three years Sarah Clark was acting as executrix of the last will of William C. Clark, deceased, her bank account stood in the name of Sarah Clark, executrix. She drew upon this account for all her personal expenses, re-loans, and for all other purposes, signing the check " Sarah Clark, Executrix." It appears in this bank account were also included moneys received by her as rents of lands belonging to the estate of William C. Clark, to the use and income of which she was entitled under the will of her husband, as also the income derived from her loans, notes and every other source.

Michael Kinney was granted letters testamentary as executor of the last will of William C. Clark, deceased, on the 9th day of May, 1896, by the County Court of Morgan County, and he qualified and is still acting as such executor.

The appellant charges in his petition filed herein that Hardin G. Keplinger, as administrator of the estate of Sarah Clark, deceased, included in his inventory, filed as such administrator, certain goods, notes, etc., that belonged to the estate of William C. Clark, deceased, that she acquired

control of them as executrix of the last will of William C.
Clark. He charges they should be surrendered to him as
the executor of William C. Clark, deceased, to be admin-
istered upon and distributed according to the provisions of
the will of the testator.

The appellee admits in his answer to the petition of appel-
lant that he inventoried the property set out in said petition
as part of the estate of Sarah Clark, but denies that he has
any goods, notes, etc., in his possession which belong to the
estate of William C. Clark, deceased. He admits that
William C. Clark died testate in the year 1882, and that
Sarah Clark acted as executrix of his will until her death.

He denies that appellant, as executor *de bonis non* with
the will annexed of William C. Clark, has any right or
authority to call upon appellee for any accounting of any
estate which was administered upon, converted or wasted by
Sarah Clark in her lifetime, and if her estate is in any man-
ner indebted to any of the heirs, legatees or distributees of
William C. Clark, deceased, they have their remedy by filing
their claim against the estate of Sarah Clark, deceased.

Upon a hearing, in the County Court of Morgan County,
the petition was dismissed. The case was taken by appeal
to the Circuit Court of Morgan County, and upon a hearing
without the intervention of a jury a like result was obtained,
and the appellant has brought the case to this court by
appeal.

It is contended by appellant, that under his appointment
as executor of the will of William C. Clark, deceased, he has
the right to call upon and compel the appellee to account for
and turn over to him certain notes which were inventoried,
and are now held by appellee as administrator of the estate
of Sarah Clark, deceased, and that they of right belong to
the estate of William C. Clark, deceased, that these notes
are largely for money collected on notes that came into her
hands as executrix of the will of William C. Clark, deceased,
appears from the evidence.

It is claimed by appellant that he is as fully the executor
of the will of William C. Clark, deceased, and clothed with

the same powers as though he had been the first person appointed to fill that position, that technically he is a substituted executor.

The correctness of this position depends upon the construction given to the will of William C. Clark.

The testator uses this language in his will with reference to the appointment of an executor of his will.

"I hereby appoint my wife, Sarah Clark, executrix of my last will and testament, and that she shall not be required to give bonds, and in case of her death or inability to act, I hereby appoint Michael Kinney executor of my last will and testament, * * * and said executor may dispose of my real estate to the best advantage as he sees fit, and make distribution according to the provisions of the will and testament, after the death of my wife, Sarah Clark, as soon as possible."

There is nothing in this language to show the testator intended to substitute Michael Kinney as executor in the place of Sarah Clark. He did not appoint Michael Kinney to be executor after the death of his wife after she had entered upon the duty of executing his will, as he certainly would have done, had he intended that Kinney should succeed his wife in the discharge of this duty. His intention as indicated by the language used is, that if his wife survived the testator, and was able to act as executrix of his will at the time of his death, then letters testamentary should issue to her, but if not, then he nominated Michael Kinney as executor of his will. The testator was seeking only to provide against the contingency of his wife being unable to assume the duties of executrix, and was not naming a successor. He was choosing the person to whom letters should issue in the first instance. In this same clause in providing that Kinney should make distribution according to the provisions of the will, he uses this language, "after the death of my wife, Sarah Clark," which shows the testator had in mind that at the time of his wife's death Kinney had assumed the execution of the trust imposed by the will, because his wife had been unable to

act. Holding the foregoing to be a correct construction of the will of William C. Clark, we hold that Michael Kinney is at most only an administrator *de bonis non* with the will annexed. Holding, as we do, that the granting of letters testamentary of the will of William C. Clark to Michael Kinney constituted him simply an administrator *de bonis non* with the will annexed, he is clothed with no greater powers than such an administrator would be.

It does not follow that unless Michael Kinney, as executor of the will of William C. Clark, can obtain the property mentioned in his petition as property belonging to the estate, then the provisions of his will will be defeated. The proof shows that Sarah Clark, as executrix of the will of her husband, William C. Clark, has administered upon the personal estate of her husband, reduced the same to her possession, mingled the money derived from the testator's estate with her own money, loaned the same on real estate, taking the notes and mortgages therefor in her own name. Now under this state of facts, under the common law, and the laws of this State, the heirs, legatees and distributees can file their claims against the estate of Sarah Clark, deceased, and upon the same being allowed, receive their distributive shares given to them by the will, and in this way the provisions of the will of William C. Clark will be executed. But they are not left to this remedy alone. They may sue the executrix and her sureties on their bond in a court of law, for the purpose of recovering their respective shares—or may file a bill in chancery. Tracey v. Hadden, 78 Ill. 30; Bliss v. Seaman, 165 Ill. 422.

This court holds that the Circuit Court, in denying the relief asked for by appellant in dismissing the petition, and that the property specified in the petition had been once administered upon by Sarah Clark as executrix of the will of William C. Clark, and was not subject to further administration by Michael Kinney, by virtue of his appointment as executor of the will of William C. Clark; that Sarah Clark, as executrix, had collected the choses in action belonging to the estate of William C. Clark, and had reloaned the money thus

received and taken notes payable in her own name; that this was a conversion by her; that each administrator and executor acts for himself and is accountable for his acts directly to the special or residuary legatees; and that the administrator of the estate of Sarah Clark, deceased, can not be called on to account to Michael Kinney, executor of the will of William C. Clark, for assets in her hands at the time that she had converted them. Rowan v. Kirkpatrick, 14 Ill. 1; Newhall v. Turney, 14 Ill. 338; Marsh v. The People, etc., 15 Ill. 284; Short v. Johnson, 25 Ill. 489; Duffin v. Abbott, 48 Ill. 17; Hanifan v. Needles, 108 Ill. 403; Bliss v. Seaman, 165 Ill. 422; Barker v. Talcot et al., 1 Vernon, 473; Potts v. Smith, 3 Rawle, 361 (24 Am. Dec. 359); Beall v. New Mexico, 16 Wall. 541; Wilson, Adm'r, v. Arrick, Adm'r, 112 U. S. 83; Slaughter v. Froman, 5 T. B. Monroe, 19 (17 Am. Dec. 33); Caulkins v. Bolton, 98 N. Y. 511; Carrick's Adm'r v. Carrick's Ex'r, 23 N. J. Eq. 364; Bradway v. Holmes, 50 N. J. Eq. 311; Myers v. Safe Deposit & Trust Co., 73 Md. 413, 21 Atl. Rep. 58. Judgment affirmed.