Henry Mann *et al.*

*v.*

Jonas R. Learned *et al.*

*Opinion filed February 21, 1902—Rehearing denied April 5, 1902.*

1. Trial—*propositions of law should be submitted before judgment.* Under section 41 of the Practice act, permitting parties to submit propositions of law where issues both of law and fact are tried by the court, such propositions of law must be submitted to the court upon the trial and before final judgment is rendered.

2. Same—*duty of court to receive and rule upon propositions of law.* If counsel submit propositions of law after argument and after the court has made some preliminary remarks but before any intimation has been made as to what the decision will be, it is the duty of the court to receive and rule upon them, even though there is a rule of court requiring them to be submitted before argument, if it is explained by counsel that he has misapprehended the rule.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. Murray F. Tuley, Judge, presiding.

Alexander S. Bradley, and Henry M. Shabad, for appellants.

Alden, Latham & Young, for appellees.

Mr. Chief Justice Wilkin delivered the opinion of the court:

The appellees in this case brought an action of assumpsit against the appellants in the circuit court of Cook county on the common counts, with a bill of particulars, by which they claimed $1460.78 as due them for lumber and building materials theretofore sold and delivered. Several pleas were interposed, to the effect that the plaintiffs had failed to comply with the contract under which the lumber and material were purchased, both as to the time in which they were to be delivered and the quality of the same, resulting in damages to the defendants. Issues were formed upon these pleas, and by agreement of the parties the case was submitted to the court, both upon issues of law and fact, without the intervention of a jury. Judgment was rendered for the plaintiffs for the amount of their claim, with interest, to which the defendants excepted and prayed an appeal to the Appellate Court for the First District, but that court affirmed the judgment below, and we are now asked, upon this appeal, to reverse that judgment of affirmance.

As the record is presented here no propositions of law were passed upon by the trial court, but it is assigned for error that "the court erred in refusing to receive the propositions of law on behalf of the appellants, * * * filed in court on June 4, 1900, and marked 'offered,' but refused as not being offered in time," etc.

It appears from the bill of exceptions that several propositions of law were asked by the defendants, some of which, at least, we regard as presenting questions of law properly involved in the case,—at least they were such as the defendants had a right to have passed upon

if presented in time. After each one of these there is the endorsement, "Offered to court but refused, as not being offered in time." It is admitted that these propositions, as well as those offered by the plaintiffs, were not submitted to the court until after the argument of counsel had been concluded and the court had made some remarks preliminary to his final decision in the case, but before the final decision or any intimation as to how it would be decided. Upon the submission of the propositions the judge said: "Gentlemen, under the rules those propositions ought to have been handed up before the argument commenced." Mr. Bradley (one of appellants' counsel): "I thought the rule was, before the court had announced his opinion." The court: "These propositions came too late; I decline to receive them." Thereupon counsel for the plaintiffs withdrew their propositions, but the defendants, upon the entering of the judgment, duly excepted.

In our view of the case the question whether the court erred in refusing to pass upon the propositions of law is vital to the case. We have many times held that where the issues of law and fact are both submitted to the court without a jury, and no written propositions to be held as the law of the case are submitted to the court to be passed upon, and no question arises as to the rulings of the court upon the testimony or other matter during the progress of the trial, no question of law will be presented for our determination. It is true that in this case there are some assignments of error upon the admission and exclusion of testimony, but they are, we think, without substantial merit. The testimony is somewhat conflicting, though we think it clearly sustains the findings and judgment of the trial court, unless there was some error by that court in the application of the law to the facts, and, therefore, if the court properly refused to consider and pass upon the propositions of law, its judgment was right and the Appellate Court did not err in affirming it.

If, upon the other hand, the court should have ruled upon those propositions of law, the judgment of the Appellate Court must be reversed and the cause remanded for further proceedings. The question is one of importance, not only to the parties to this case, but to the courts and profession generally throughout the State.

Section 41 of the Practice act (Hurd's Stat. 1899, p. 1289,) provides: "In all cases, in any court of record of this State, if both parties shall agree, both matters of law and fact may be tried by the court; and upon such trial either party may, within such time as the court may require, submit to the court written propositions to be held as law in the decision of the case, upon which the court shall write 'refused' or 'held,' as he shall be of opinion is the law, or modify the same, to which either party may except as to other opinions of the court." It is clear that under the statute the propositions of law must be submitted to the court upon the trial and before the final judgment is rendered. The language is, "upon such trial," etc., and we held in *Allman* v. *Lumsden*, 159 Ill. 219, that even permission by the court to submit propositions after the trial and after the rendering of the judgment was nugatory, and that the propositions submitted and passed upon in pursuance of that leave could not be considered in the case. But the case here presented is entirely different. The propositions were offered before the final judgment, and in the absence of anything in the record to show that they were not presented within the time required by the court it was the duty of the judge to receive them and pass upon them, otherwise the parties would be deprived of an important right without any notice that the propositions were presented too late and would not be passed upon.

It will be seen that by the language of the foregoing section the time within which the propositions may be submitted is left to the court, the language being, "within such time as the court may require," but in the absence

of any requirement whatever in that regard by the court, we think they may be offered at any time before final judgment. It is true that the bill of exceptions in this case shows that the court stated that under the rule (which we assume meant a general rule of the court) the propositions ought to have been handed up before the argument commenced, but no such rule is shown by the bill of exceptions. Conceding that such a general rule might be made and construed as a requirement by the. court that in every case propositions should be submitted or handed up to the judge before the argument, in the condition of this record no such question can be considered.

It is said that the propositions, being submitted after the argument of counsel, could not aid the court in making its decision. Ordinarily the court would be better prepared to pass upon propositions after the argument than before, and while we do not think it unreasonable to require them to be submitted before, so that the judge may have them before him during the argument, in the absence of some rule or requirement of the court informing counsel that they must be presented at some particular point in the trial we think the court should receive and pass upon them if presented before judgment. In this case, even if the rule announced by the court had existed, it seems to us, upon the statement of counsel, "I thought the rule was, before the court had announced his opinion," in the exercise of a sound legal discretion they should have been received and ruled upon.

The judgments of the circuit and Appellate Courts will accordingly be reversed and the cause remanded to the former for another trial.     *Reversed and remanded.*