## Frank E. Stauffer, to the use, etc., v. William J. Volentine.

1. PRACTICE—*Written Propositions of Law Should Be Submitted Before Argument.*—Written propositions of law should be submitted to the court before argument, in order that they may be discussed by the attorneys and considered by the court in rendering its decision. The practice of allowing written propositions of law to be submitted for the first time after the court has decided the case, is not to be commended.

Assumpsit, for goods sold and money loaned. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed December 16, 1902.

BENSON LANDON, attorney for appellant.

GANN & PEAKS, attorneys for appellee.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

This was an action of assumpsit brought to recover payment for certain wines, liquors and cigars alleged to have been sold by appellant, a saloonkeeper, to appellee; and for money loaned. An account amounting to nearly $600 was presented by appellant. This account consisted of many small items; the correctness of the charges therein appearing being testified to by appellant. Appellee testified that he had purchased articles of such character from the plaintiff at various times, but denied that he had ever obtained anything from the plaintiff on credit, and denied that he

had ever borrowed money from him. Appellee called three persons who had been bartenders for appellant during a portion of the time at which it was said appellee obtained the goods in question. Neither of these had any recollection of appellee ever obtaining on credit any such goods from appellant. Appellee introduced in evidence four checks made by him payable to the order of appellant and by him indorsed, all of these being stamped upon their face "Paid." Appellant, upon being asked, would neither deny nor admit reception of money upon these checks, but did testify in another connection that he had frequently cashed checks for appellee. Appellant testified that for a time he and appellee ran a poker game, dividing the "rake-off" (whatever that may be); that appellee furnished the room for this game and he, appellant, the cards and tables.

The case being tried without a jury, the court found the issues for the defendant and rendered judgment accordingly. Appellant insists that the checks given by appellee to appellant should not have been allowed in evidence, because the action was one of assumpsit, the declaration containing the common counts, "to which was pleaded only the general issue;" that "there having been filed no plea of set-off, the checks not being related to the subject-matter of the accounts sued upon, the amount received upon the checks could not be allowed by way of set-off." The checks were admissible, as tending to show payment. They were not introduced as a set-off, nor by way of recoupment, because appellee denied that he ever had from appellant upon credit any of the goods or moneys mentioned in the account.

It is consistent with the position of appellee that he advanced to appellant money, and thereafter from time to time received on account of such advance, goods and money, such as are described in appellant's account.

The burden of proof was upon appellant. We can not, upon the record here presented, say that the evidence in support of appellant's contention was greater than that introduced by appellee. Appellant was called and testified

in rebuttal. Thereafter, each party having submitted all his evidence, the case was argued before the court by the attorneys for the respective parties. At the conclusion of the argument the court announced a finding for the defendant. Thereupon counsel for appellant asked for time in which to present written propositions of law to be passed upon by the trial court. The court offered to consider any propositions which counsel had already prepared for submission, but refused to give appellant's counsel time in which to prepare such propositions.

Written propositions of law should be submitted to the court before argument, in order that they may be discussed by the attorneys and considered by the court in rendering its decision. The practice of allowing written propositions of law to be submitted for the first time after the court has decided the case, is not to be commended. Allman v. Lumsden, 159 Ill. 219–222.

The judgment of the Circuit Court is affirmed.