### Western Valve Company v. W. A. and A. E. Wells.

#### Gen. No. 12,600.

1. PROPOSITIONS OF LAW—*when error to refuse to consider.* It is reversible error for the court to refuse to consider propositions of law presented before the decision of the case, and this notwithstanding such propositions were not presented until six months after the hearing.

Action of assumpsit. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Reversed and remanded. Opinion filed July 13, 1906.

**Statement by the Court.** Appellant brought *assumpsit* against the Quay-Daykin Company and sued out a writ of attachment in aid, which was served upon appellees as garnishees. There was a judgment against the defendant in *assumpsit.* Interrogatories to appellees as garnishees were filed, to which they filed their answer which was traversed by a replication. The issues so made were submitted to the court, were found for the garnishees, and from a judgment on the finding the plaintiff prosecutes this appeal.

The bill of exceptions sets out the evidence and then pro-
ceeds as follows: "which was all the evidence offered and
heard in said cause.   Thereupon said cause was continued for
the plaintiff to submit to the court findings of law, and after-
wards the plaintiff submitted to the court certain proposi-
tions of law in words and figures following, to wit:   (Here
follow eight propositions of law), which findings the court
refused to consider because not submitted for consideration
for eight months after trial, to which rulings of the court
the plaintiff then excepted, and thereupon the court found
the issues in favor of the garnishees and against the plaint-
iff, etc."

ALBERT N. and EDW. P. EASTMAN, for appellant.

GOODRICH, VINCENT and BRADLEY, for appellees; JOSEPH,
M. GRIFFEN, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

In Allen v. Lumsden, 159 Ill. 219, it was held that prop-
ositions of law must be submitted at the trial of a cause and
before the final decision.   In Mann v. Learned, 195 Ill. 502,
it was held reversible error for the court to refuse to con-
sider propositions of law submitted after the case had been
argued, "and the court had made some remarks pertaining
to his final decision in the case, but before the final de-
cision or any intimation as to how it would be decided."

Here the record shows that at the conclusion of the trial
the cause was continued for the plaintiff to submit propo-
sitions of law, and such propositions were submitted before
the finding was entered.   We think the statements con-
tained in the bill of exceptions bring the case within the
rule announced in Mann v. Learned, *supra*, and that the
court should have passed upon the propositions of law,
although they were not presented to the court for eight
months or longer after the trial.   No doubt the court
might have limited the time within which such proposition
should be submitted, but in the absence of any limitation

the plaintiff might present his propositions at any time before the decision in the case.

Appellant contends that upon the evidence the judgment should be reversed and judgment entered here for the plaintiff. This contention cannot be sustained. In our opinion the finding is not contrary to the evidence, but for the error indicated the judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*