Edward Levy, Defendant in Error, v. C. O. F. Burkstrom, Plaintiff in Error.

## Gen. No. 17,333.

TRIAL—*propositions of law must be marked.* Where, within proper time and with leave of court, several propositions of law are handed to the court, to be held as the law of the case, by virtue of the Practice Act (R. S., c. 110, § 61), it is mandatory upon the court to indicate his disposition thereof by writing thereon, and he cannot decline to consider or mark them.

Error to the Municipal Court of Chicago; the HON. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed and remanded. Opinion filed November 7, 1912. Rehearing denied and opinion modified November 21, 1912.

OTTO G. RYDEN, for plaintiff in error.

SABATH, LEVINSON & STAFFORD, for defendant in error; LEO W. HOFFMAN, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

Confession of judgment on a lease having been entered against Burkstrom, the plaintiff in error, upon motion leave to defend was granted to defendant, execution was stayed and hearing was had before the trial judge in the Municipal Court, who found for Levy, the defendant in error.

Various rulings of the court upon the admissibility of evidence are cited as error, and complaint is made concerning the conduct of the court during the trial. We do not comment upon these points, as there must be another trial in which these things complained of may not occur.

Within proper time and with leave of court, several propositions of law were handed to the court, to be held as the law of the case. The court retained them

for a few days, and then declined to consider them or to mark them "refused" or "held," saying, "they are not propositions of law." Counsel for plaintiff in error requested the court to mark the propositions submitted, but the court refused to do so.

Section 61 of the Practice Act, chapter 110, Illinois Statutes, provides that "Upon a trial by the court either party may, within such time as the court may require, submit to the court written propositions to be held as law in the decision of the case, upon which the court shall write 'refused' or 'held,' as he shall be of opinion is the law, or modify the same, to which either party may except as to other opinions of the court."

We see no escape from the conclusion that it is mandatory upon the trial court to indicate his disposition of the submitted propositions of law by writing thereon. Such was the ruling in Mann v. Learned, 195 Ill. 502, and in Western Valve Co. v. Wells, 127 Ill. App. 655.

If counsel for the defendant in error are correct in their contention that these propositions of law are without merit and should have been refused (upon which we express no opinion), then it was the duty of the trial court to mark them "refused." In Rockhill v. Congress Hotel Co., 237 Ill. 98, cited by defendant in error, it should be noted that it appears from the opinion that all propositions of law were marked either "held" or "refused," and the court held that those marked "refused" were properly so marked, not being propositions of law. That is not the question before us.

We would enter a judgment upon the merits of this controversy, except that the condition of the record before us makes this impossible.

For the reason indicated the order of the trial court is reversed and the cause remanded.

*Reversed and remanded.*