# United States Brewing Company of Chicago, Defendant in Error, v. Sam Wolf, Plaintiff in Error.

## Gen. No. 17,707.

1. APPEALS AND ERRORS—*propositions of law.* It is error for the trial court to refuse to pass on propositions of law.

2. LANDLORD AND TENANT—*effect of optional clause in lease.* A clause in a lease giving an option to renew on the same terms does not entitle lessee to have an optional clause in the new lease.

3. LANDLORD AND TENANT—*construction of optional clause in lease.* A clause in a lease giving an option to renew upon the same terms providing the lessee shall give notice before termination means that the lessor is bound to enter into a new lease on receipt of notice, yet the notice itself does not extend the term.

4. APPEALS AND ERRORS—*when necessary to reverse and remand.* Where the trial court in a case without a jury refuses to pass on propositions of law the judgment will be reversed and remanded since if the judgment were reversed without remanding it would be impossible to have the case reviewed in the Supreme Court.

5. APPEALS AND ERRORS—*petition for rehearing.* Propositions of law presented in a petition for rehearing that were not presented in the original briefs are not considered.

6. APPEALS AND ERRORS—*where no propositions of law are submitted.* The Appellate Court may review a case tried in the Municipal Court without a jury, where no propositions of law are submitted.

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded. Opinion filed June 30, 1913. Rehearing denied and additional opinion filed July 14, 1913.

HARRY M. FISHER, for plaintiff in error.

WINSTON, PAYNE, STRAWN & SHAW, for defendant in error; JOHN C. SLADE and RUPERT D. DONOVAN, of counsel.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The plaintiff, here the defendant in error, brought a

forcible detainer suit in the Municipal Court of Chicago against the defendant, here the plaintiff in error, to recover possession of certain premises in Chicago known and described as No. 1500 West Polk street. On a trial by the court the defendant was found guilty of unlawfully withholding from the plaintiff the possession of the said premises and that the right of possession thereof was in the plaintiff, and judgment in the usual form in that court was entered thereon.

The defendant submitted to the trial court certain propositions of law, with the request that the court pass upon and mark the same as provided by statute. The court refused to so do and this action of the court is assigned for error and insisted upon in the argument of the defendant for the reversal of the judgment. The propositions of law submitted to the court should have been passed on and it was clearly error to refuse so to do.

Under the date of February 16, 1910, Oscar Schreiber, the owner of the said premises, leased the same to the plaintiff, who then had and continued in possession thereof, through the defendant, for the term beginning May 1, 1910, and ending April 30, 1911. The said lease contained the following provision:

"Said lessor herein gives and grants to the said lessee the option for an additional term at the expiration hereof, of One (1) year, upon the same terms and conditions, and at the same rent as herein expressed, provided that the said lessee shall give notice of its acceptance of said option prior to the termination of this demise."

On February 1, 1911, the plaintiff notified the said Schreiber that it exercised its said option to lease the said premises for the additional term of one year, and also stated therein, "and we hereby further notify you that the said United States Brewing Company of Chicago is now ready, willing and able to enter into and execute a lease, under the same terms and conditions

as that now in force for a period of one (1) year from April 30th, 1911.''

On February 7, 1911, the plaintiff sublet said premises to the defendant, who was then in possession of the premises, for the term beginning May 1, 1911, and ending April 29, 1912. On May 17, 1911, the plaintiff served a five day notice on the defendant and, the defendant not paying the rent on May 24, 1911, began said forcible detainer suit.

After the plaintiff's notice of exercising its option under the lease was received by the said Schreiber, he called upon the plaintiff to execute a new lease upon the same terms and conditions of the said lease, except the clause giving an option for an additional term. The plaintiff insisted upon the clause giving an option for an additional term, and declined to execute the lease unless it contained the same option for an additional term. The said Schreiber, on two different occasions, after the receipt of the said notice, offered to execute a new lease, the same as the lease in force, with the exception of the option privilege, and the plaintiff refused to make a lease that did not include the same option privilege. Schreiber then leased the said premises to the defendant, who remained in possession thereof, claiming to hold same under the Schreiber lease, and attorned to the said Schreiber.

That the plaintiff was not entitled, under the optional clause of its lease with Schreiber, to a new lease including the optional clause, thereby making the lease perpetual, is too well settled to require the citation of authorities.

The difficult question in this case is the construction of the said optional clause. What is its meaning? That on the giving of the notice therein specified, the term would thereby be extended one year, or that the said Schreiber, on receiving the said notice, bound himself to enter into a new lease with plaintiff for one year at the same terms, except the optional clause? We

have made a careful examination of the authorities and find no case, and none has been called to our attention by the parties, with an option clause framed in language similar to that in the case at bar. The test must necessarily be the meaning of the parties, and being in doubt from the reading of the language itself, we resort to the construction thereof by the parties. From the evidence it seems that the construction by both the plaintiff and Schreiber was that a new lease should be executed. The plaintiff's argument that the notice in regard to a new lease was surplusage can not avail it on the question of showing the construction put upon the option clause by the defendant. It clearly shows the plaintiff's construction of the said provision. If a new lease was required and the plaintiff refused to execute the same, it follows that it was not entitled to the possession of the said premises subsequent to April 30, 1911, and the judgment was therefore erroneous.

If the judgment were reversed without remanding, a certificate of importance and appeal allowed the plaintiff would be of no avail, because of the failure of the court, trying the case without a jury, to pass on the propositions of law which are necessary for a review of the case in the Supreme Court. *Mann v. Learned,* 195 Ill. 502. The case well illustrates the seriousness of the error of the trial court's refusal to pass on the propositions of law presented.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Upon consideration of a petition by defendant in error for a rehearing herein the following additional opinion was filed on July 14, 1913.

PER CURIAM: The defendant in error in a petition for a rehearing cites many authorities in an extended argument on the proposition that this court will review a judgment of the Municipal Court entered in a

trial without a jury where no propositions of law were submitted. It is also asserted that this decision is in conflict with those authorities. The opinion does not so state, and we think it warrants no such construction; but as counsel appear sincere in their contention, we make this addition to the opinion to make sure of no misunderstanding of what we mean to hold. It is true that this court will review judgments entered in the Municipal Court in cases tried without a jury where no propositions of law are submitted. It is equally clear that under the Practice Act, chapter 110, sec. 61, and adopted as a rule of the Municipal Court, when written propositions of law are submitted to the trial court it is the duty of the court to pass on the same. The two questions are very different and not one and the same, as counsel seem to think.

While an Appellate Court may review a civil case tried in the Municipal Court without a jury, where no propositions of law were submitted, it is our impression that counsel, however much it might be desired, would find it somewhat difficult to have the case reviewed by the Supreme Court and it was such a situation to which we referred in the last paragraph of the opinion. Propositions of law presented in the petition for a rehearing that were not presented in the original briefs will not be considered.

The petition for rehearing is denied.

*Petition denied.*