## Alexander County Savings Bank, Appellant, v. Hugh V. Murray, Executor, Appellee.

1. TRIAL—*refusal of court to pass on written propositions on trial without jury.* Under section 61 of the Practice Act (Cahill's Ill. St. ch. 110, ¶ 61), providing that upon a trial by the court without a jury, either party may, within such time as the court may require, submit written propositions to be held as the law upon which the court shall write refused or held, it was reversible error for the trial court to refuse to pass upon the propositions submitted by plaintiff within ample time.

2. APPEAL AND ERROR—*reversal for refusal of trial court to pass on written propositions of law submitted on trial without jury.* Under section 61 of the Practice Act (Cahill's Ill. St. ch. 110, ¶ 61), requiring the trial court to pass upon propositions of law submitted by either party in a trial by the court without a jury, it is mandatory upon the trial court to pass upon propositions of law submitted in apt time, and it is the duty of the Appellate Court, regardless

of its opinion on the merits, to reverse where the trial court refused to pass upon such propositions.

Appeal from the Circuit Court of Clinton county; the Hon. THOMAS E. FORD, Judge, presiding. Heard in this court at the October term, 1921. Reversed and remanded. Opinion filed March 24, 1922.

LANSDEN & LANSDEN, JOHN E. HAMLIN and JOHNSTON & JOHNSTON, for appellant.

NOLEMAN, SMITH & DALLSTREAM, for appellee.

MR. JUSTICE BARRY delivered the opinion of the court.

Appellant filed a claim against the estate of John B. Diepenbrock in the county court for the sum of $3,267.77, which was based on the indorsement of the testator on a $2,000 note payable to him dated November 13, 1903, due one year after date and executed by J. A. Cheney and Alice Cheney. The note bore the indorsement by appellant's cashier, "Interest paid to April 4, 1911."

The statute of limitations was relied upon as a defense and that it was not sufficient for appellant to show that the indorsement of interest was made by its cashier. A jury was waived and the court found the issues for appellee.

Section 61 of the Practice Act (Cahill's Ill. St. ch. 110, ¶ 61) provides that: "Upon a trial by the court either party may, within such time as the court may require, submit to the court written propositions to be held as law in the decision of the case, upon which the court shall write 'refused' or 'held,' as he shall be of opinion is the law, or modify the same, to which either party may except as to the opinions of the court."

In the case at bar, appellant and appellee submitted propositions of law which the court refused to pass upon. The record discloses that they were submitted

within ample time. *Mann v. Learned,* 195 Ill. 502. In that case the trial court refused to pass on propositions of law and the judgment was affirmed by the Appellate Court. The Supreme Court said: "The testimony is somewhat conflicting, though we think it clearly sustains the findings and judgment of the trial court, unless there was some error by that court in the application of the law to the facts, and, therefore, if the court properly refused to consider and pass upon the propositions of law, its judgment was right and the Appellate Court did not err in affirming it. If, upon the other hand, the court should have ruled upon the propositions of law, the judgment of the Appellate Court must be reversed and the cause remanded for further proceedings." The court held that the trial court erred in refusing to rule on the propositions.

The reason for so holding is that a litigant cannot have a judgment reviewed in a common-law case by the Supreme Court except as to questions of law. So that if the trial court could refuse to pass on propositions and the judgment is affirmed by the Appellate Court, the case could not be reviewed by the Supreme Court except as to rulings on pleadings and evidence.

We see no escape from the conclusion that it is mandatory upon the trial court to pass upon propositions of law as required by the statute. It is our duty, under the law, to reverse the case regardless of what we may think of the merits thereof. *Mann v. Learned, supra; Levy v. Burkstrom,* 174 Ill. App. 276; *United States Brewing Co. v. Wolf,* 181 Ill. App. 509.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*