## John M. Moore et al.

### v.

## The People of the State of Illinois, for use, etc.

*Principal and Surety—Action of Debt—Justices—Fees of—Schools—Sec. 40, Chap. 53, R. S.*

1. A justice has no right to tax costs against the people in a proceeding whether the defendant is convicted or discharged, and he can have no legal claim against the people for fees in cases in which a prosecution instituted in their name has failed.

2. In an action brought in the name of the people, for the use of a county superintendent of schools, against a justice and the sureties upon his bond, to recover certain fines collected by him as justice, and payable in accordance with Sec. 269, Chap. 122, R. S., this court holds that he can not set off against such fines an amount claimed to be due as fees in cases where the people failed in their prosecution, and the defendants were discharged, and declines to interfere with the judgment for the plaintiffs.

[Opinion filed February 10, 1891.]

In error to the Superior Court of Cook County; the Hon. John P. Altgeld, Judge, presiding.

Mr. P. T. Keily, for plaintiffs in error.

It does not seem reasonable or just that the justice should be stopped from deducting his fees, and if the intention and reason of the act is considered, it must be clear he has such a right and that the provisions of Sec. 40, Chap. 53, of Rev. Stat. is inapplicable to a case where the justice has funds in his hands from which to deduct.

In Concord v. Pillsbury, 33 N. H. 315, which was an action on the affiant's bond of the city marshal, whose duty was to collect and pay over to city treasurer et al., the taxes assessed, the court held that a set-off was allowable. The objection that it was against public policy, the court says is rather plausib'e than sound.

By Sec. 30 of the Practice Act, Chap. 110, R. S., the defendant in any action upon any contract or agreement,

expressed or implied, may plead or give notice of a set-off. No exception whatever is made. The fund realized from fines and penalties is for the use of the county school fund and not primarily to the people. It seems reasonable and just that the right to set off be allowed in this case as a matter of justice and right, independent of the statute.

Mr. FRED H. ATWOOD, Assistant County Attorney, for defendants in error.

The only question involved is the right of the defendant Moore to set off a claim which he has against Cook county or the people of the State, for fees which he claims to have earned in cases where the people were plaintiffs and the defendants were discharged upon a hearing or for want of prosecution.

If the claim of the defendant Moore is one which he can enforce against the people or against the county, even then he could not set it off in an action of this kind. No rule is better settled than that in order to allow a set-off the action must be between the same parties and in the same capacity. That is not true in this case. Here the moment these fines are collected by the justice of the peace, an action accrues in whose favor? not of the people simply, but in favor of the superintendent of schools; and I apprehend that if the superintendent wished to bring suit in his official capacity, the people would not need to be parties to the suit. The only reason they are parties here, is because this suit is on the bond, and the bond runs to them. Moore has no legal claim against either the people or the county. If his claim is a legal claim against the people, then he certainly ought to render judgment against them for costs in these various cases where the defendants are discharged upon a hearing for want of prosecution. But this he can not do, because Sec. 17, Chap. 33, R. S., provides that no such judgment can be rendered.

I also believe the law to be that the defendant Moore had no legal claim against Cook county for those fees which he claims to have earned. If he has any right of action, it must be by virtue of a special statute, as there is no privity between

him and Cook county.    There is no such statute, and, on the contrary, the legislature have expressly provided "that in all criminal cases, where the fees can not be collected of the party convicted, or where the prosecution fails, the county board may, in its discretion, direct that the cost of the prosecution, or so much thereof as may seem just and equitable, shall be paid out of the county treasury."    Last paragraph of Sec. 40, Chap. 53, R. S.

MORAN, P. J.    This action was brought against appellant, who is a justice of the peace of the town of Lake, and the sureties on his official bond, to recover certain fines collected by him as justice of the peace.

The case was tried in the court below on an agreed statement of facts, from which it appears that said appellant as justice of the peace had, between the date of the bond and the commencement of this action, imposed on persons who were brought before him by legal process in criminal cases, in which the people of the State of Illinois were plaintiffs, fines, forfeitures and penalties and collected the same, to the total amount of $104, which has never been turned over to the plaintiff or any one for him; that during the same period appellant as justice of the peace tried divers cases in which the people of the State of Illinois were plaintiffs, and in which the defendants were discharged on a hearing, or for want of prosecution; that in the trial of said cases he rendered services to the amount of $234, claimed by him as fees in said cases, and which has never been paid to him.

Sec. 269 of Chap. 122, R. S., provides that "all fines, penalties and forfeitures imposed or incurred in any of the courts of record, or before any justice of the peace of this State, * * * shall, when collected, be paid to the county superintendent of schools of the county wherein such fines, penalties or forfeitures have been imposed or incurred," and other sections of the same chapter make it the duty of justices of the peace to enforce the collection of fines imposed by them by lawful means, and direct the payment of the same when

collected, to the county superintendent, and impose a penalty for a failure to so pay over.

The contention of appellant is, that he is entitled to costs and fines in the cases tried by him as justice of the peace, where the people of the State were plaintiff, in which the defendants were discharged, and that he is entitled to set off against the money in his hand collected for fines in cases where the people were successful, the amount claimed to be due him as fees in cases where the people failed in the prosecution and the defendants were discharged.

At common law, there were no costs *eo nomine*. The unsuccessful party was amerced for his false claim, but not punished with costs as such. State v. Kinne, 41 N. H. 238; Bac. Ab., title "Costs;" 3 Black. Com. 399.

Costs are the creature of the statute, and neither in England nor in this country are costs allowed to or against any party to an action or proceeding, except as authorized by statute. Now while in our statutes authority is given for taxing costs in all criminal proceedings against the defendant where he is convicted, not only is there no direction to tax costs against the people on the failure of a criminal prosecution, but Sec. 17 of Chap. 33, R. S., relating to costs, expressly provides that even in civil suits or actions brought in the name or on behalf of the people, if the "plaintiff suffer a discontinuance, or be non-suited or non-prosequied, or verdict pass against such plaintiff, the defendant shall not recover any costs whatever."

It follows that a justice of the peace has no right or authority to tax costs against the people in a proceeding, whether the defendant is convicted or discharged, and that he can have no legal claim against the people for fees in cases in which a prosecution instituted in their name has failed.

Therefore appellant has not the pretense of a legal claim to set off fees or charges made or claimed by him in such cases, against fines collected by him, and which he is directed by the statute to turn over to the county superintendent of schools.

It is contended that Sec. 40, Chap. 53, R. S., relating to fees of justices, gives color to the claim that a justice may have

fees against the people. Said section does provide that "in criminal cases where the fees can not be collected of the party convicted, or where the prosecution fails, the county board may in its discretion direct that the cost of the prosecution, or so much thereof as shall seem just and equitable, shall be paid out of the county treasury."

It is very clear that the allowance of fees or costs by the county board is, under that section, a condition precedent to the existence of any legal claim for such fees or costs against the county. But even if in this case appellant had presented his claim to the county board and said board had directed the amount thereof to be paid from the county treasury, such allowed claim could not be set off against the fines in appellant's hands which are sued for by the county superintendent.

These fines go to the school fund. Appellant's claim, when allowed, would be against the county. The funds are different, devoted to different purposes, and controlled by different officers, and a claim against the one is not a proper matter of set-off to a claim in favor of the other. Therefore the proper, just and legal course is for justices of the peace to pay over to the county school superintendent, promptly, all fines and penalties collected by them, that the money may go to the public school fund, and if they can satisfy the county board that they are in equity entitled to be allowed for services rendered by them to the people, they may have a claim allowed against the county and payable from the county treasury.

Such is the law. While it may be that justices of the peace have in fairness a right to be paid for services which they render to the people in the discharge of duties imposed on them by the law, it must be remembered that they take their offices *cum onere*, and that they hold them under an implied contract to perform the duties upon the terms as to costs and fees ordained by the statute. If they shall receive nothing for the performance of certain duties, they suffer in common with many other officials in various instances, who have duties, and sometimes some new and onerous ones, imposed

upon them, without any provision for remuneration being made.    Bruner v. Madison Co., 111 Ill. 12.

Appellant's position can find no support in the law, and the judgment in favor of the appellees must be affirmed.

*Judgment affirmed.*