against the weight of the evidence that it must be set aside.

Plaintiff requested the following instruction:

"The Court instructs the jury that to entitle plaintiff to recover property replevined, under the issues joined, it is only necessary that it should prove by a preponderance of the evidence that it was the owner of the property in question or entitled to the possession of the same when this suit was commenced and that it had been wrongfully taken from its possession by defendant or that it was then wrongfully detained by him."

This instruction was refused by the court. The instruction correctly states the principle of law applicable to the facts in this case and should have been given to the jury. The court erred in refusing it.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

---

### George H. Lovekamp, Appellant, v. John F. Cummings, Appellee.

#### (Not to be reported in full.)

Appeal from the Circuit Court of Macoupin county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed October 16, 1913.

#### Statement of the Case.

Action by George H. Lovekamp against John F. Cummings for damages alleged to have been sustained by plaintiff by reason of the alleged failure and refusal of defendant to complete and fulfil an alleged

contract for the sale of a farm owned by defendant and claimed to have been sold to plaintiff upon a contract of purchase. From a judgment in favor of defendant, plaintiff appeals.

EDWARD C. KNOTTS and PEEBLES & PEEBLES, for appellant.

D. R. KINDER and A. J. DUGGAN, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

## Abstract of the Decision.

APPEAL AND ERROR, § 528*—*necessity of submitting questions of law or fact to trial court to preserve questions for review.* . Where a cause is submitted to the trial court without a jury, and no questions of law or fact are submitted to the court to be passed upon by it, the record preserves no questions to be passed upon by the court of review.

---

## Angie Andrews, Appellee, v. City of White Hall, Appellant.

1. MUNICIPAL CORPORATIONS, § 993*—*duty to keep sidewalk free from obstruction.* It is the duty of a city to keep and maintain its sidewalks free from obstruction and dangerous places for their entire width for the use of pedestrians while in the exercise of due care and caution.

2. MUNICIPAL CORPORATIONS, § 1098*—*when evidence sufficient to sustain verdict for injuries to pedestrian resulting from falling over obstruction on sidewalk.* In an action against a city to recover for personal injuries sustained by plaintiff by falling over an obstruction on a sidewalk in front of a grocery store, evidence *held* sufficient to sustain a verdict for the plaintiff, where the evidence shows that the obstruction was placed upon the sidewalk by the