THIRD DISTRICT—MAY, 1914. 49

Lewis v. Drainage Com'rs of Drain. Dist. No. 1, 188 Ill. App. 49.

Joseph Lewis, Appellee, v. Drainage Commissioners of Drainage District No. 1 of the Town of Young America, Appellants.

1. APPEAL AND ERROR, § 932*—*how bill of exceptions may not be amended.* A bill of exceptions cannot be amended in the Appellate Court by affidavits.

2. APPEAL AND ERROR, § 784*—*language of bill of exceptions.* It is immaterial whether the language of the bill of exceptions is in the present or past tense.

3. TRIAL, § 295*—*when propositions of law must be submitted.* Propositions of law not presented until after the court has announced its decision may be properly refused.

4. TRIAL, § 296*—*duty of court to consider propositions of law.* The number of propositions of law is no legal reason for refusing to pass on them; when they are properly presented the court should pass on a sufficient number of them to cover all legal questions in the case.

5. APPEAL AND ERROR, § 1725*—*when decision on former appeal not res adjudicata.* A decision of the Appellate Court on a former appeal is not *res adjudicata* on a subsequent appeal where the issues on the last trial were entirely different from those on the first.

6. DRAINAGE, § 51*—*when recovery for work in cleaning ditch sustained by the evidence.* In an action against drainage commissioners to recover for services rendered by plaintiff in repairing and cleaning out a drainage ditch, alleged to be a branch in the system of defendants, evidence *held* sufficient to sustain a finding and judgment in favor of plaintiff.

Appeal from the Circuit Court of Edgar county; the Hon. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed May 5, 1914. Rehearing denied June 25, 1914. *Certiorari* denied by Supreme Court (making opinion final).

H. S. TANNER, CHARLES G. ECKHART and GREEN & PALMER, for appellants.

FRED RHOADS, JAMES W. & EDWARD C. CRAIG and DONALD B. CRAIG, for appellee; FRANK J. O'HAIR, of counsel.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

This is an appeal by the Drainage Commissioners of Drainage District No. 1 of the Town of Young America, Edgar county, Illinois, from a judgment in favor of appellee for $4,828.85, recovered for services performed by appellee in repairing and cleaning out a drainage ditch known as "The Gilkey Branch" in a system of drainage averred to be part of the system of appellants.

The bill of exceptions recites that "upon the completion of the evidence in this case and after both the plaintiff and the defendant had rested their respective cases, the court announced that each party would have one hour for argument of the said case; and be it further remembered that thereupon the said case was argued by the attorneys for the respective parties, and that after the arguments of counsel had been completed the Judge of said court began to announce his finding and decision in reference thereto and announced that his finding would be in favor of the plaintiff and thereupon, after the announcement of the said finding and during the delivery by the court of his reasons for said finding, the defendant offered the propositions of law hereinafter referred to in his bill of exceptions and the Judge of said court announced, when the same were offered, that they were offered too late and also announced that the number of the propositions of law were too great to be considered, and he would not consider them in any way as they were not argued or referred to in the argument and announced that he would mark them all refused without reading the same, because they were too numerous and wholly exceeded in number, propositions of law that were necessary for the decision of this case; and thereupon the Judge of the said court without reading the said propositions of law or any of them, and without considering the same in any way, for the above and foregoing reasons

marked each and all of the said propositions 'refused' as follows  *  *  *.'' The foregoing is followed by thirty-seven proposition of law, all of which are marked ''refused'' and which extend over twenty-nine pages of the record.

Appellants have attempted in this court to amend the bill of exceptions by changing the phrase ''the Judge of said court began to announce his finding and decision in reference thereto and announced that his finding would be in favor of the plaintiff.'' The only change they insist should be made is that the last-quoted sentence ''is in the past tense and in recitative form and not in the present tense nor in the language used in court records.'' A bill of exceptions cannot be amended in an Appellate Court by affidavits. The question whether the bill of exceptions fully and fairly represents the facts occurring in the presence of the trial court is confided to his judgment and his decision is final. *Dreyer v. People,* 188 Ill. 40; 3 Encyc. of Pl. & Pr. 446. It is also material whether the language of the bill of exceptions is in the present or past tense, and were it couched in the present tense it would not be of any advantage to appellants.

It is apparent from the bill of exceptions and the affidavits of counsel for appellant, if we are at liberty to refer to them, that counsel for appellants were in court with an unnecessary and unreasonable number of propositions of law, prepared to present them to the court and ask a ruling thereon, if the court should decide against them, and to withhold them if the court should decide in their favor. Section 61 of the Practice Act as amended in 1907 (J. & A. ¶ 8598), provides: ''Upon a trial by the court either party may, within such time as the court may require, submit to the court written propositions to be held as law in the decision of the case, upon which the court shall write 'refused' or 'held,' as he shall be of opinion is the law, or modify the same, to which either party may except as to other

opinions of the court. In any case so tried the court shall find specially upon any material question or questions of fact which shall be submitted in writing by either party before the commencement of the argument.''

The record does not show that there is any rule of the Circuit Court of Edgar county fixing the time in which propositions of law are to be presented. It is apparent that before any offer was made to present the propositions of law to the court that the Judge had announced his findings and what his judgment would be, and was giving his reasons for his findings and judgment before appellants desired and made any attempt to present their propositions. The object and purpose of presenting propositions of law is to aid the court in arriving at a correct conclusion and proper judgment in cases tried by it without a jury. They can serve no useful purpose unless they are presented to the trial court ''before the decision is rendered.'' ''If they can be submitted at any time after such final decision they would not only cease to serve any useful purpose, but would become a hindrance, rather than an aid, to the speedy administration of justice. If such a practice should be allowed, no one but the defeated party would ever submit any such written propositions to the court, and such party would prepare and submit them, not for the purpose of aiding the court in coming to a correct conclusion, but, in the light of the decision already rendered, would do so in order to provide himself with a lever to overturn the judgment on appeal.'' It would correspond with a request to the court to pass upon instructions tendered after verdict. Allman v. Lumsden, 159 Ill. 219. The propositions should be submitted before any intimation from the court as to what the decision will be. *Mann v. Learned,* 195 Ill. 502; *American Cent. Ins. Co. v. Henninger & Co.,* 87 Ill. App. 440.

The number of the propositions presented is no legal reason for refusing to pass on them. When they

are properly presented the court should pass on a sufficient number of them to cover all legal questions in the case. The record showing that the propositions were not presented before the court had announced his decision, there was no error in refusing them.

This is the second appeal of this case to this court. The opinion on the former appeal containing a statement of the facts as they then appeared is in 161 Ill. App. 570. The case was reversed because of error in sustaining a demurrer to two special pleas. It is now contended that the judgment of this court on the first appeal is *"res judicata"* not only to the questions of fact and of law which were decided in the former suit but also to the grounds of recovery or defense which might have been but were not presented. The pleas to which it was held a demurrer was erroneously sustained averred, in substance, that the work done under the contract sued on was not done on a ditch which was a part of the system of appellants, but was the ditch of a subdistrict, known as District No. 4, in Young America Township, organized under section 43 of the Farm Drainage Act (J. & A. ¶ 4520) for the purpose of local or more minute drainage and emptying into the ditch of appellants. To these pleas, after the case was remanded, the appellants filed replications that the ditch cleaned out was a part of the original system of appellants as adopted and determined upon in the original plan and made a part of the system of drainage of appellants, but of which appellants, because of a shortage of funds, had only constructed the lower portion although the funds for constructing said system were raised from all the lands in said district, and that the landowners in the upper part of the district had formed a subdistrict and completed the ditch in appellants' system in place of by mandamus appellants to complete their original system.

A rejoinder to the replications was filed setting up that a subdistrict known as Drainage District No. 4 had been organized and had cleaned out the part of

the Gilkey ditch constructed by appellants and had finished the construction of the ditch known as "The Gilkey Branch" above that part of the ditch dug by appellants and that said Drainage District No. 4 was organized for the purpose of completing the system of appellants. The pleading was continued through sur-rejoinders and rebutters averring the dissolution of said Subdistrict No. 4, and the organization of District No. 4, and other facts until issue was joined.

Appellants also, after the case was remanded, filed a special plea averring that the appellants, after determining upon the cleaning out of said ditch, gave notice of the time and place of the letting and the kind and amount of work to be done in the manner provided by statute, and in accordance with said notice met and opened bids and rejected all bids, and without readvertising for bids let the contract to appellee. To this plea a replication was filed denying the rejection of all the bids and averring that they, at the time the bids were opened, negotiated with the lowest bidder and offered the work at a price lower than the lowest bid and that the contract was made with the lowest bidder at a price lower than the lowest bid, and on this issue was joined. The foregoing states the substance of the material averments upon which issues were joined.

The issues on the last trial were entirely different from those on the first appeal. This court on the former appeal only passed upon two questions, the ruling of the court in sustaining a demurrer to special pleas which was held to be erroneous and the right of a drainage district to contract for doing work which is no part of its system, but which is exclusively the work of another drainage system over which the original district has no jurisdiction. The case was tried the last time upon issues made in special pleas, that presented issues that were not involved on the first trial, for the reason that the court had by sus-

taining a demurrer to the pleas held that they did not set up any defense, and a new plea was filed, setting up an issue that was not suggested in any way on the first appeal. On this trial the evidence showed that the work done was on the system of appellants and not that of another system. A drainage district organized within another drainage district or partly within and partly without another district for the purpose of local and more minute drainage is not authorized to clean out or improve ditches specified in the order embracing the plans of the main district. *People ex rel. Parmenter v. Wilder,* 257 Ill. 304; *Mason & T. Spec. Drain. Dist. Com'rs v. Griffin,* 134 Ill. 338.

The argument of appellants that the judgment on the first appeal is *res judicata* on all questions of law or fact that either were tried, or might have been presented, if applicable as against appellee would also deprive appellants of the right to file pleas concerning the manner of letting the contract, since appellants by proper plea might have presented the question concerning the letting of the contract. Furthermore, if the matters in controversy were adjudicated and there was nothing further to try, the cause should not have been remanded, as under the contention of appellants all that the trial court could do was render a judgment in favor of appellants, and permit the parties to incur needless costs. The former judgment of the Appellate Court was a general reversal and was neither final nor conclusive between the parties. It is only binding on the present appeal as to questions of law passed upon. *Henning v. Eldridge,* 146 Ill. 305; *Friedman v. Lesher,* 198 Ill. 21; *Illinois State Trust Co. v. St. Louis, I. M. & S. Ry. Co.,* 217 Ill. 504; *Hovland v. McNeill & Higgins Co.,* 104 Ill. App. 149. The judgment of the Appellate Court in the former opinion is not an adjudication of the matters involved.

The merits of the case are with the appellee. The evidence shows that the work was done under a con-

tract between the parties strictly according to the contract and to the satisfaction of all parties concerned. The evidence sustains the finding of facts and the judgment of the trial court. The defenses urged are of a technical character, and while, if the legal question was properly raised, we do not wish to be understood as approving of the letting of contracts by municipal corporations in the manner the evidence tends to show this was let, or of holding to be legal the letting of municipal contracts that are let in any other manner than strictly as provided by the statute, yet since there were no propositions of law submitted to the court before the announcement by the court of its decision, there is no question of law saved for review. *Mutual Protective League v. McKee*, 223 Ill. 364; *La Salle County v. Milligan*, 143 Ill. 321; *Cramer v. Burkhalter*, 207 Ill. 34; *Keating v. Springer*, 146 Ill. 481; *Wight v. City of Chicago*, 234 Ill. 83; *City of Alton v. Foster*, 207 Ill. 150; *Chicago, B. & Q. R. Co. v. City of Ottawa*, 165 Ill. 207; *Burgener v. Lippold*, 128 Ill. App. 590. The judgment of the trial court is therefore affirmed.

*Affirmed.*