## The Starr Piano Company, Appellant, v. G. W. Lawrence, Appellee.

### (Not to be reported in full.)

Appeal from the County Court of Piatt county; the Hon. LAWRENCE T. ALLEN, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed July 2, 1914. Rehearing denied October 7, 1914.

### Statement of the Case.

By virtue of certain executions issued out of the Circuit Court of Piatt county, the coroner levied on seven pianos in the possession of the firm of Combes & Frisinger. Such executions were issued on three judgments rendered in favor of G. W. Lawrence, the first being against Combes, the second against Frisinger and Agnes Frisinger and the third against Frisinger. Afterwards there was a trial of right of property, in which The Starr Piano Company was

*See **Illinois Notes Digest**, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

claimant and Lawrence defendant, before the court without a jury, and judgment being entered finding the right of property in the defendant, the claimant appealed.

HUGH CREA, HUGH W. HOUSUM and HICKS & DOSS, for appellant.

HERRICK & HERRICK, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

### Abstract of the Decision.

1. TRIAL, § 295*—*when propositions of law and fact may be submitted in trial by court.* Where a court had made its findings, entered judgment thereon, and an appeal has been prayed and allowed, a motion to set aside the judgment and for leave to submit certain propositions of law and fact, and requesting the court to rule on such propositions and mark the same either held or refused, and a motion to set aside the judgment and for a new trial, are properly overruled, since the time to present propositions of law and fact on a hearing without a jury is after the evidence and arguments are concluded and before the court has made its decision, and the court had no jurisdiction to entertain either motion until the order for appeal had been vacated.

2. APPEAL AND ERROR, § 645*—*when order allowing appeal may be vacated.* Where a court in a trial without a jury had made its findings, entered judgment thereon and allowed an appeal, a motion to set aside the order for appeal and judgment and for a new trial was properly overruled, since while the setting aside of the order of appeal might have been allowed, the allowance of such motion would not necessarily vacate the judgment, and the vacation of the judgment would not necessarily set aside the findings of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.