## C. A. Hendricks, Defendant in Error, v. Sam Gamble et al., Plaintiffs in Error.

1. APPEAL AND ERROR, § 1321*—*presumption of correct ruling refusing proposition of law.* Where the ruling of the trial court in refusing, as presented too late, a proposition of law tendered it after final judgment has been entered and an appeal prayed is in no way challenged, no exception is preserved thereto, and its correctness is not questioned in the argument of plaintiffs in error, it will be presumed by the Appellate Court that such ruling was correct and that the proposition was not offered within the time required.

2. TRIAL, § 295*—*time for submission of propositions of law.* Rev. St. ch. 110, sec. 61 (J. & A. ¶ 8598), requires that propositions of law be presented to the court before final judgment and before the final determination of the issues being litigated.

3. TRIAL, § 295*—*what is effect of failure to present proposition of law in time.* Unless propositions of law are presented in time to the court to be passed upon by it in cases where trial by jury exists and has been waived, the record preserves no question of law for review.

4. STATUTES, § 149*—*what is effect of repealing clause in invalid statute.* When by an act of the legislature it is attempted to provide a substitute for and to repeal an existing act and such new act is held unconstitutional and invalid, the repealing clause is invalid.

5. STATUTES, § 185*—*purpose of repeal of statute relative to eighth-grade pupils.* The purpose of the legislature in attempting to repeal the act of June 26, 1913, relative to high-school privileges of graduates of the eighth grade, was to substitute therefor the Act of July 1, 1915 [Call. 1916 Stat. ¶ 10143(1) *et seq.*], and to prevent

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the existence at one time of conflicting laws as to the high-school privileges of such scholars, not to leave the subject untouched by a legislation.

6. STATUTES, § 31*—*effect of invalidity of statute.* A decision of the Supreme Court declaring an entire act void includes the section therein attempting to repeal all laws in conflict with the act.

7. STATUTES, § 149*—*when invalidity of repealing act operates to keep in force prior act.* Where an act which attempts to repeal a prior act on the same subject is declared void as a whole, the prior act stands in full force.

8. SCHOOLS AND SCHOOL DISTRICTS, § 145*—*liability for costs.* Semble, that no authority exists for subjecting school funds to the payment of costs.

9. SCHOOLS AND SCHOOL DISTRICTS, § 145*—*when school funds are not subjected to costs.* Where a mandamus proceeding is brought against certain persons who are school directors to compel them to perform their official duty and there is a judgment for costs against them as individuals, such judgment is not objectionable as subjecting the school funds to the payment of costs.

Error to the Circuit Court of Adams county; the Hon. ALBERT AKERS, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed April 27, 1920.

W. E. WILLIAMS and A. CLAY WILLIAMS, for plaintiffs in error.

C. E. BERTER and HUBBARD & GROVES, for defendant in error.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

A mandamus proceeding was begun by the filing of a petition by defendant in error in the circuit court of Adams county against the respondents, who are the school directors of school district No. 236 in Adams county, Illinois, to compel them to act on the request of defendant in error to approve his selection of the Barry High School as the high school to be attended by certain of his children and on his request to them

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

that they pay tuition of such children for their attendance at such high school under the provisions of the act of the legislature of the state of Illinois approved June 26, 1913, entitled "An act to provide high school privileges for graduates of the eighth grade. Plaintiffs in error, as respondents, demurred to the petition and among other things set up that the act approved June 26, 1913, on which the petitioner based his rights, had been repealed by an act of the legislature of the State of Illinois approved July 1, 1915, and was no longer in force. Although the abstract does not show it, this demurrer was heard and sustained, and defendant in error obtained leave to file and did file an amended petition to which the respondents filed their answer, denying substantially all, if not all, of the necessary averments of the petition. Replication to the answer was filed, a jury was waived and the cause was heard by the court. The court found the issues in favor of the petitioner and against the defendants, gave judgment in favor of the petitioner and against the defendants for costs of suit, and ordered that petitioner have execution therefor. After the final order and judgment had been entered and after an appeal had been prayed, a proposition of law asking the court to hold that the act approved June 26, 1913, was repealed by the act approved July 1, 1915, was presented to the trial court and was refused for the assigned reason that it had been presented too late. That ruling is in no way challenged, no exception to it is preserved and nothing is said about the correctness of it in the argument of plaintiffs in error. We must therefore presume it was correct and that the refused proposition was not handed to the court within the time required. Two errors only are assigned on this record:

First. The court erred in holding that the law of 1913 was not repealed by the law of 1915 and was still in force.

Second. The court erred in rendering judgment for costs and awarding execution.

Counsel for plaintiffs in error in the opening paragraph of their argument said: "This case presents a single point: Was the act of 1913 to provide high school privileges for graduates of the eighth grade repealed by the act of 1915, which in so far as it relates to the subject-matter of the act of 1913 was held unconstitutional and void. The foregoing language is quoted by counsel for defendant in' error in the closing paragraph of their argument, where they concede the statement to be correct.

Section 61, ch. 110, Rev. St. (J. & A. ¶ 8598), provides the means by which questions of law may be preserved for review in cases where, as in this case, the right to trial by a jury exists and has been waived and the trial by the court is had. That section requires the presentation of propositions of law within such time as the court may require, the same to be marked "held" or "refused" by the court. That section has been construed by the Supreme and Appellate Courts to require the presentation of such propositions before final judgment and before a final determination of the issues being litigated. *Mann v. Learned,* 195 Ill. 502; *Starr Piano Co. v. Lawrence,* 190 Ill. App. 351; *Lewis v. Drainage Com'rs,* 188 Ill. App. 49; *Columbia Ins. Co. v. Loeb's Ins. Agency,* 187 Ill. App. 289; *Rosenfield v. Pomerantz,* 182 Ill. App. 341. The proposition of law in this case was not presented until after the final determination of the issues involved. Unless propositions of law are presented in time to the trial court to be passed upon by it in cases where trial by jury exists and has been waived, the record preserves no questions of law for review. *Lovekamp v. Cummings,* 184 Ill. App. 297; *Lanski v. Chicago & N. W. Ry. Co.,* 181 Ill. App. 565; *Goggin v. Western U. Tel. Co.,* 182 Ill. App. 387; *Smith v. Amer-*

*ican Corset Co.,* 187 Ill. App. 1, and numerous other cases to the same effect.

Even if the question presented by the proposition which the trial court refused to consider in this case because the same was not presented in time had been presented in due time and had been marked "refused," the ruling would have been right. The rule is that when by an act of the legislature it is attempted to provide a substitute for and to repeal an existing act and such new act is held unconstitutional and invalid, the repealing clause is invalid. *State ex rel. Pogue v. Groom,* 91 Ohio St. 1; *State v. Thomas,* 138 Mo. 95, and numerous cases there cited.

From an examination of the two acts referred to, it is manifest that the only purpose the legislature had in undertaking to repeal the act of 1913 was to substitute therefor the provisions of the act of 1915. There is nothing from which any inference can be drawn that it was the intention of the legislature to repeal the act of 1913 and leave nothing in its place. It was plainly the purpose of the legislature in passing this repealing clause in the act of 1915 to prevent the existence at one time of two conflicting laws on the subject of providing high-school privileges for scholars who had secured an eighth-grade education. The Supreme Court in the case of *Board of Education v. Haworth,* 274 Ill. 538, held the entire act of 1915 to be void. That includes the section of the act attempting to repeal all laws in conflict with it. The entire act of 1915 being void as declared in the *Haworth* case, the act of 1913 stands in all respects in full force.

Plaintiffs in error contend that no authority exists for subjecting the school funds to the payment of costs. The point is well taken, but the judgment here does not attempt to make the school district liable for costs. It is a mandamus proceeding against certain persons who were school directors to compel them to perform their official duty, and the judgment for costs

was against them as individuals. There is nothing in the judgment for costs that attempts to require or that would excuse the payment of the costs out of the school funds.

No sufficient grounds for the reversal of the judgment has been pointed out. The jndgment is therefore affirmed.

*Judgment affirmed.*