## J. W. Mundy, Appellant, v. Pope County, Illinois, Appellee.

1. COSTS—*against losing party are statutory.* Except when provided for by statute costs are not collectible against the defeated party.

2. COUNTIES—*when liable for costs in criminal cases.* A justice of the peace who hears and determines criminal cases for which he fails to get his fees because they cannot be collected from defendant or the prosecution fails, cannot collect them in an action against the county by virtue of Cahill's Ill. Rev. St. ch. 53, ¶ 54, providing that in such cases "the county board shall direct that the costs of the prosecution, or so much thereof as shall seem just and equitable, shall be paid out of the county treasury" until the county board has acted thereon and determined what amount if any is just and equitably owing to him.

Appeal by plaintiff from the Circuit Court of Pope county; the Hon. ALBERT E. SOMERS, Judge, presiding. Heard in this court at the March term, 1924. Affirmed. Opinion filed April 11, 1924.

CHARLES DURFEE, for appellant.

JOHN W. BROWNING, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

Appellant instituted an action in assumpsit against appellee in the Circuit Court of Pope county, seeking to recover certain fees which he claims are due him as a justice of the peace, from said county.

Omitting the formal parts, the declaration as amended is as follows:

"There was filed in his court as such Justice of the Peace numerous complaints charging criminal offense of which he, as such Justice of the Peace, had jurisdiction to hear and determine, and which as such Justice of the Peace did hear and determine, and to wit, seventy-five in number, in each of which said several complaints the People of the State of Illinois was the complainant and certain other persons therein specifically named, respectively, were defendants, and in each of the said several cases the defendants therein were charged, respectively, with a criminal offense, and in a number of said cases, to wit, twenty-five in number, the prosecution failed to convict, and in a certain number of said cases, to wit, fifty, the fees could not be collected of the party convicted, and the sum total of the fees accruing to the plaintiff, as such Justice of the Peace, amounts to $120.25, and the plaintiff, to wit, on the 1st day of April, A. D. 1923, as such Justice of the Peace, submitted a statement in writing, duly verified by affidavit, specifically itemizing the particular criminal cases heard and determined by him, and the particular fees and costs charged in each particular case, and that such services were rendered as therein charged, and that the amount claimed to be due and unpaid, after allowing all just credits, as in the statute in such case made and provided, to the County Board of the County of Pope and State of Illinois, * * * which demand of said County Board refused and still refuses to allow or disallow, to the damage of the plaintiff in the sum of $120.25, wherefore he brings this suit, etc."

To said declaration as amended, appellee filed a general demurrer. Upon hearing, the same was sustained by the court, and the appellant having elected to abide by his declaration, judgment was entered against him in bar of action and for costs. To reverse said judgment, this appeal is prosecuted.

It is contended by counsel for appellant in his brief

and argument that said demurrer raises the following questions:

"(1)   Does a justice of the Peace who hears and determines criminal cases, and who fails to get his official fees because they cannot be collected of the defendant and in cases where the prosecution fails, have a valid claim against the county for his fees?

"(2)   If yes, can he enforce his claim by an action of assumpsit?"

Appellant bottoms his suit on the following statute:

"In all criminal cases where the fees cannot be collected of the party convicted, or where the prosecution fails, the county board shall direct that the cost of the prosecution, or so much thereof as shall seem just and equitable, shall be paid out of the county treasury." Cahill's Ill. St. ch. 53, ¶ 54.

It is insisted by counsel for appellant that under said section, where the fees of a justice in criminal cases cannot be collected of the party convicted and in cases where the prosecution fails, a valid claim accrues to such justice for such fees, against the county in which he is located.

On the other hand, counsel for appellee insists that said statute, in and of itself, does not render a county so liable; that before any such obligation can arise against a county, its county board must first determine what amount, if any, is "just and equitably" due to such justice; that when such amount has been so determined, an enforceable obligation accrues in favor of such justice against such county for the amount so determined.

In considering this question, it should be borne in mind that, except where provided by statute, costs are not collectible against the defeated party. *Moore v. People*, 37 Ill. App. 641. The court in that case, at page 644, says:

"At common law, there were no costs *eo nomine*. The unsuccessful party was amerced for his false claim, but not punished with costs as such. *State v. Kinne*, 41 N. H. 238; Bac. Ab., title 'Costs'; 3

Black. Com. 399. Costs are the creature of the statute, and neither in England nor in this country are costs allowed to or against any party to an action or proceeding, except as authorized by statute.''

To the same effect is 7 R. C. L., p. 781, § 2. It therefore follows that in order for appellant to maintain his suit, it must be by virtue of the above-quoted statute.

Counsel for appellant, in his argument, practically concedes that the county board has a discretion as to the amount which it shall determine is just and equitable, but he insists that the obligation to pay the justice of the peace is mandatory, and upon a failure to act by such county board, a right of action accrues.

We are of the opinion that counsel's contention is not sound, for the reason that it necessarily follows from a construction of said statute that before a right of action would accrue, the county board must act and determine what amount, if any, is ''just and equitably'' owing to such justice on his said claim, and until said board has so acted, there can be no right of action against the county for such fees.

The statute here involved was enacted in 1919. Prior thereto, the statute in regard to justice court costs in this connection was as follows:

''In all criminal cases where the fees cannot be collected of the party convicted, or where the prosecution fails, the county board may, in its discretion, direct that the cost of the prosecution, or so much thereof as shall seem just and equitable, shall be paid out of the county treasury.''

The statute last quoted was passed upon by the Appellate Court for the First District in the case of *Moore v. People, supra.* In that case the court, in construing this statute at page 644, says:

''While in our statutes authority is given for taxing costs in all criminal proceedings against the defendant where he is convicted, not only is there no direction to tax costs against the people on the fail-

ure of a criminal prosecution, but section 17, chap. 33, Revised Statutes, relating to costs, expressly provides that even in civil suits or actions brought in the name or on behalf of the people, if the 'plaintiff suffer a discontinuance, or be nonsuited or non-prosequied, or verdict pass against such plaintiff, the defendant shall not recover any costs whatever.'

"It follows that a justice of the peace has no right or authority to tax costs against the people in a proceeding, whether the defendant is convicted or discharged, and that he can have no legal claim against the people for fees in cases in which a prosecution instituted in their name has failed."

Quoting the statute last referred to, the court further says, on page 645:

"It is very clear that the allowance of fees or costs by the county board is, under that section, a condition precedent to the existence of any legal claim for such fees or costs against the county."

While the statute under consideration in *Moore v. People, supra,* differs from the statute as it now exists, in that the present statute makes it mandatory rather than discretionary with the county board to direct that the "costs of the prosecution, or so much thereof as shall seem just and equitable," shall be paid, the amount is still left for the determination of the county board. That board must first act.

We therefore hold that, until said county board so acts voluntarily, or until compelled to act by a mandamus proceeding, an action of assumpsit will not lie.

For the reasons above set forth, the judgment of the trial court will be affirmed.

*Judgment affirmed.*