People's Drug Shop, Inc., Appellant, v. Leslie M. Moysey, Appellee.

Gen. No. 42,215.

Opinion filed January 6, 1943.

STANLEY S. DAY, of Berwyn, for appellant.

ARNOLD L. LUND, of Chicago, for appellee.

GEORGE F. BARRETT, Attorney General, *amicus curiae;* ALBERT E. HALLETT, Assistant Attorney General, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an appeal from a judgment for defendant on his motion based on insufficiency of the complaint. Plaintiff had sued for $8.56, representing "an additional charge" to defendant under an open account between them, upon which for a period of several months in 1941, plaintiff sold drugs, medicines and medical supplies to the defendant. Each month plaintiff billed defendant for the actual goods sold and for the "additional charge," being the Retailers' Occupational Tax (ch. 120, secs. 440–453, Smith-Hurd's Ann. Stats. [Jones Ill. Stats. Ann. 119.450–119.467]) on the

goods. Each month defendant remitted for the goods sold, but refused to remit the tax. In addition to allegations covering the facts outlined above, plaintiff alleged that unless permitted to collect the tax, it will be prejudiced in competition, suffer irreparable damage and hardship in business.

Plaintiff appealed originally to the Supreme Court which transferred the cause here and this Court permitted the Attorney General of Illinois to intervene and file a brief as *amicus curiae,* upon his claim of a question of public importance.

The question is whether "persons engaged in the business of selling tangible personal property at retail" (sec. 441) may, regardless of the contract for goods between them, add the tax as such to the price quoted the consumer and collect it as such from him. If not, a cause of action was not stated.

It is apparent from its complaint and argument that plaintiff seeks to collect the amount claimed as tax from the defendant. It says it need not absorb the tax but may pass it on and collect it as agent for the State in the same manner as the Motor Fuel Tax is collected; and that the legislature so intended as evidenced by the provision authorizing the issuance and use of tokens—parts of pennies—to facilitate payment by the consumer to the merchant.

It is true that the merchant need not absorb the so-called Sales Tax and may pass it on to the consumer, but only as part of the sale price, not as a tax on the consumer. *Winter v. Barrett,* 352 Ill. 441; *Vause & Striegel, Inc. v. McKibbin,* 379 Ill. 169. The seller is not an agent of the State to collect the tax (*Winter v. Barrett,* 352 Ill. 441) he, himself, must pay it. The tax is imposed on a class of vendors which includes plaintiff; it is not a consumer's tax. *Winter v. Barrett,* 352 Ill. 441; *Reif v. Barrett,* 355 Ill. 104; *The People ex rel. Herlihy Mid-Continent Co. v. Nudelman,* 370 Ill. 237; *Ahern v. Nudelman,* 374 Ill. 237;

*Vause & Striegel, Inc. v. McKibbin*, 379 Ill. 169.   The defendant is not liable for the tax as such.

For the reasons given the judgment of the superior court is affirmed.

*Judgment affirmed.*

BURKE, P. J., and HEBEL, J., concur.