A, H. Sebastian, Appellant, v. School Directors of School District No. 103, Montgomery County, Appellees.

School Directors of School District No. 103, Montgomery County, Cross Appellants, v. A. H. Sebastian, Cross Appellee.

Gen. No. 9,353.

Opinion filed February 24, 1943.

DOWELL & DOWELL and GEORGE W. DOWELL, all of Salem, for appellant and cross appellee.

HILL & VANDEVER, of Hillsboro, for appellees and cross appellants.

Mr. Justice Hayes delivered the opinion of the court.

A. H. Sebastian brought an action at law against the School Directors of District Number 103 of Montgomery county to recover the sum of $408.60, which sum he alleged was the balance due him for school supplies furnished the district from February 1939 to April 1940. The circuit court of Montgomery county heard the case without a jury and entered judgment for plaintiff in the sum of $275.68.

Sebastian is engaged in selling school supplies direct to schools through salesmen, one of whom Frank Jett, had made sales to District Number 103 for several years prior to this action. Jett testified that while at one time he was accustomed to contact a member of the board who would refer him to the janitor to see what was needed, for the past few years he had done business with the janitor alone. All of the purchases in question here were made by the janitor alone and the order blanks signed by him without authority of the board or any of its members, except for one order for sanding floors which was signed by all three directors on July 12, 1939. Plaintiff has received one payment of $100 which he applied on the account generally.

Three of the members of the board testified that the janitor had no authority to purchase supplies and they did not know that these purchases from plaintiff in question here had been made by him. August Bennassi, one of the directors, testified further that at the April meeting of the board in 1939 a motion was passed rehiring the janitor. The motion further provided that he should have no power to make any purchases. Finally Bennassi testified that in 1939, during a conversation with plaintiff's salesman Jett, concerning the order for sanding the school floors he told Jett that "the janitor had no authority to sign orders without the whole support of the School Directors of Dis-

trict 103." Dallas Rappe, another of the directors testified that he was present at the conversation and heard the statement above quoted made. Jett, on the other hand, testified on cross-examination that Bennassi "did not tell me that the janitor, Mr. Drabant, had no authority to place any orders," and further stated on rebuttal that he "did not hear any conversation like that." The time of this conversation is not exactly stated but we must assume that it took place some time around July 12, 1939 the date of the order for the sanding job.

Plaintiff contends that since defendants permitted their janitor to purchase supplies without express authority from them, they are estopped to deny his authority to make such purchases, and that in any event, defendants ratified the acts of their janitor by making a payment of $100 on their account. Defendants argue that their janitor had no authority to purchase supplies from plaintiff or any one else, that plaintiff had actual or constructive notice of this limitation upon the janitor's authority and that the payment of $100 was not intended to be applied upon the account generally but upon plaintiff's bill for sanding the floors and hence cannot be construed as a ratification of any prior unauthorized purchases.

We believe that the district is clearly liable for supplies purchased by their janitor prior to the meeting of the board of directors in April 1939 as found by the trial court. There is no proof in the record that defendants ever objected to any of the purchases. While three of them testified that they did not know that purchases were being made, they did not deny that they were billed for the orders placed by their janitor and it further appears from Bennassi's testimony that the directors saw the merchandise after it had been delivered and that there were arguments among the members of the board over the bills. We believe that

these facts are sufficient to raise an estoppel against defendants. *Sebastian v. School Directors of Dist. No. 53,* 306 Ill. App. 282.

We find that the court properly allowed the two invoices of goods furnished the defendant by the plaintiff prior to their adoption of the resolution at the April 1939 meeting which revoked the authority of the janitor to buy goods in behalf of the district. We find that the court ascertained the correct amount due from the defendant district to the plaintiff in the sum of $275.68. The court properly disallowed the invoices furnished after the April 1939 meeting of this school district on orders given by the janitor. The school law provides that all official business shall be transacted at a regular or special meeting and that all actions taken by them involving the expenditures of moneys shall be recorded on their records. Ill. Rev. Stat., ch. 122, secs. 119, 120 [Jones Ill. Stats. Ann. 123.126, 123.127].

The act of the janitor ordering the goods after the adoption of the resolution prohibiting him from doing so was void. One deals at his own hazard with a municipal body expending public funds, and is required to see that the transaction be done and recorded as required by law.

Plaintiff contends that the trial court erred in refusing to include in its judgment the amount of sales tax on the items purchased. On this point we find the court properly held this to be a retailer's occupational tax and not a consumer's tax. This court (first district) so held in the case of *People's Drug Shop, Inc. v. Moysey,* 317 Ill. App. 370. We concur in that opinion.

Plaintiff also complains of the judgment for costs entered against him by the trial court who apparently relied upon section 267 of the School Law. Any decision on this issue must be based upon the proposition that an award of the costs of a suit for or against a party thereto must be based on the applicable statu-

tory provisions since costs were not allowable at common law. *Moore v. People,* 37 Ill. App. 641; *Mundy v. Pope County,* 233 Ill. App. 483. Our costs statute, Ill. Rev. Stat. 1941, ch. 33, sec. 7 [Jones Ill. Stats. Ann. 107.044] provides that "If any person shall sue in any court of this state . . . for any offense or wrong immediately personal to the plaintiff, and shall recover any debt, or damage in such action, then the plaintiff . . . shall have judgment to recover costs . . . ." This provision is broad in its terms and covers the situation before us unless some statutory exception exists exempting defendants here from its provisions. Section 267 of the School Law, Ill. Rev. Stat. 1941, ch. 122, sec. 290 [Jones Ill. Stats. Ann. 123.360], relied upon by defendants, provides in part as follows: "No . . . clerk of any court, . . . shall charge any costs in any suit in which any school officer, school corporation or any agent of any school fund, suing for the recovery of the same, or any interest due thereon, is plaintiff and shall be unsuccessful in such suit; . . . ." It should be noted that this provision applies only where a school district or its officers are parties plaintiff. We have examined *Hendricks v. Gamble,* 217 Ill. App. 422 cited by defendants and several other cases construing this section of the statute, including our own decision in *Board of Education Dist. No. 7 v. School Directors of Dist. No. 66,* 201 Ill. App. 429. While these cases adopt a liberal construction of the statute, in all of them where costs were disallowed, the school officers or district against whom such costs would normally have been assessed were parties plaintiff. We recognize that in *Hendricks v. Gamble, supra,* there is a statement to the effect that no authority exists for subjecting school funds to the payment of costs and that in *Board of Education Dist. No. 7 v. School Directors of Dist. No. 66, supra,* we said: "The school funds raised for educational purposes may not be used

for the payment of costs." These statements are *dicta,* however, and not necessary to the decisions in those cases. We believe that it was the intention of the legislature in enacting the provision of the school law quoted above to encourage the recovery of school funds, even by litigation, where a reasonable ground for so doing exists. It could not have intended to discourage the recovery of an established indebtedness from school districts which unjustly refuse to pay. We therefore hold that the section of the School Law quoted above does not apply in this case and that the trial court erred in assessing costs against plaintiff.

Although defendants filed no motion to dismiss plaintiff's appeal they argue on their cross-appeal that it should be dismissed because plaintiff's brief contains no assignment of errors. Plaintiff does include, however, a section in his brief entitled "Contested Issues" in which the purported issues before us are set forth. Rule 36 of the Supreme Court and our Rule 9 require that a brief statement of the errors relied upon for reversal appear in appellant's brief at the close of his statement of the case. While plaintiff has not strictly complied with this rule, his attempt to do so discloses the alleged errors he complains of and thus we do not feel warranted in dismissing his appeal. *Snook v. Shaw,* 315 Ill. App. 594, 43 N. E. (2d) 417. It should be noted, however, that this decision is not intended to serve as a precedent countenancing careless disregard of the rules cited.

For the reasons stated above the judgment of the circuit court of Montgomery county is affirmed as to the amount of the judgment but is reversed as to taxing the cost against the plaintiff and is remanded to said court with directions to assess the costs against the defendant.

*Affirmed in part, reversed in part and remanded with directions.*